# The State *v.* Houston.

*Action on Official Bond of Tax-Collector.*

1. *What is negligence, as question of law, or of fact.*—Generally, negligence *vel non* is a mixed question of law and fact: when the facts are admitted, or undisputed, and the inferences to be drawn from them are indisputable, or the rule of duty as fixed by law is the same under all circumstances, it is a question for the court; but, in all cases of doubt, where the facts are disputed, or where different inferences may be drawn by men equally sensible and impartial, the question must be submitted to the jury.

2. *Negligence by tax-collector.*—Where it is shown by a tax-collector, in defense of an action against him for failure to pay over moneys collected as taxes, that he was robbed while travelling on horseback from the town of his residence to the county-site, carrying the moneys with him to pay over to the county superintendent of education, it can not be affirmed, as matter of law, that he was guilty of negligence, because he drew the money from the safe in which it was deposited, at an early hour in the morning, and carried it about in his pockets for several hours, while walking about the streets of the town, before starting to ride to the county-site, when it is not shown that this contributed in any way to the subsequent robbery.

3. *Poll-tax, as money of State or county.*—Although the poll-tax is, under constitutional and statutory provisions, applied to the support and maintenance of public schools, and the collector is required to pay it over to the county superintendent of education, it is the money of the State until paid over, equally with other taxes collected.

APPEAL from the Circuit Court of Lawrence.
Tried before the Hon. H. C. SPEAKE.

[The State v. Houston.]

This action was brought in the name of the State of Alabama, against Samuel D. Houston and the sureties on his official bond as tax-collector of Lawrence county; and was commenced on the 9th November, 1883. The bond was conditioned as prescribed by the statute, and was executed and approved the 19th August, 1882. The breach assigned was, the failure of the collector to pay over or account for the sum of $3,305.05, which he had collected as taxes; and the defense was, that he was robbed of the money while travelling on horseback to the county-site, for the purpose of paying it over to the county superintendent of education. On the former appeal in the case, the sufficiency of this defense was sustained (*State v. Houston*, 78 Ala. 576); and the judgment was thereupon reversed, and the cause remanded.

On the second trial, as the present record shows, Houston testified as a witness for himself and co-defendants, related the facts attending the robbery, and stated, among other things, that he went into Courtland on the morning of February 13th, 1883, and entered the store and counting-room of one Pippen, in whose safe he kept his money deposited; that he and Pippen counted out the money, and he took out about $4,300, which he wished to deliver to the county superintendent of education; that he placed two small packages, each containing $500, in his boots, and the envelopes containing about $3,315 in the inside pockets of his coat; that this was the identical money collected by him; that $2,500 was intended to pay the balance due to the county superintendent on a warrant drawn by the State Auditor, and $800 was money collected as poll-tax; that he was robbed openly on the highway, between Courtland and Moulton, of all the money but the $1,000 which he had placed in his boots; and that he afterwards paid over the amount of which he was robbed, to the county superintendent, out of moneys subsequently collected as taxes. On the part of the plaintiff, in rebuttal, several witnesses testified that Houston walked about the streets of Courtland for several hours, after he had drawn the money from Pippen's safe, and that he was asked to remain in town until the next day, in order that he might ride to Moulton in company with several other persons, but declined to do so, and rode away alone.

On this evidence, with the other evidence in the case, the plaintiff requested the following (with other) charges, and duly excepted to the refusal of each: (1.) "If the jury be-

lieve from the evidence that Houston left Courtland, on the 13th February, 1883, with more of the tax money than was necessary to pay off the warrant in the hands of the county superintendent of education, at Moulton, this would be negligence on his part, which would make him liable to the plaintiff in this action." (2.) "If the jury believe that $800 of the money Houston was bringing to Moulton was poll-tax, as to that amount the jury must find for the plaintiff." (3.) "If the jury believe from the evidence that Houston got the money out of Pippen's safe on the morning of February 13th, 1883, and had said money in large envelopes in the side-pocket of his coat, and was walking around in the town of Courtland until near two o'clock in the evening, with the money in said envelopes; this would be negligence, which would make him liable in this action."

The refusal of these charges is now assigned as error, with other rulings not material.

Thos. N. McClellan, Attorney-General, and W. P. Chitwood, for appellant.

R. O. Pickett, Emmet O'Neal, and E. H. Foster, *contra.*

CLOPTON, J.—All the questions presented by the record, except two, were decided on the former appeal. The general charge of the court, and the ruling in respect to giving and refusing instructions to the jury requested by the parties, conform to the principles then declared as applicable and governing the case.—*State v. Houston,* 78 Ala. 576.

The plaintiff requested the court to instruct the jury, that if the tax-collector obtained the money from the safe in which it was deposited, about nine or ten o'clock on the morning of the day on which he was robbed, and had it in large envelopes in the side-pocket of his coat, and, with the money in the envelopes, walked about the town of Courtland until about two o'clock in the afternoon, he was guilty of negligence, which would make him liable in this action. Generally, whether due care and diligence have been observed, is a mingled question of law and fact, and, in all cases of doubt, must be committed to the jury. When the facts are admitted, or undisputed, and the inferences from them are indisputable, or the rule of duty is fixed by law as the same under all similar circumstances, negligence is a question for the decision of the court; but, though the facts

are undisputed, when negligence is a deduction to be drawn, and which may or may not be drawn, by men equally sensible and impartial, the question must be submitted to the jury.—*A. G. S. R. R. Co. v. Jones*, 71 Ala. 487; *City Council of Montgomery v. Wright*, 72 Ala. 411. Conceding that, if the money had been lost while the collector was thus carrying it about Courtland, it would have been regarded as lost by his negligence, such negligence would not make him liable in *this* action, unless it contributed to the subsequent loss by robbery. It is manifest that this is an inference to be drawn from all the circumstances in proof; and that the court could not, as matter of law, decide that the facts stated in the charge were negligence, such as, *per se*, would make the defendant liable in this suit.

It *now* appears from the record that the collector was carrying the money to Moulton, not only to pay the balance due on the warrant in favor of the county superintendent of education, but also the amount of poll-tax collected. It is insisted, that the money collected for the poll-tax is not the property of the State; and as the collector subsequently paid this amount out of other moneys collected by him as taxes, the defendants are liable for the amount so paid. The poll-tax is levied by the State, assessed and collected by its officers, and applied by the legislature in aid of the public school fund, in obedience to the mandate of the constitution. By the statute, the collector was required, at the end of each month, to pay to the county superintendent of education the amount of the poll-tax collected during the month. The statute does not require him to keep the money collected for poll-tax separate from moneys collected for other State taxes; nor to pay the specific money collected to the county superintendent. The statutes designate the officers to whom payment shall be made, and whose receipt shall be a voucher for the tax-collector on his settlement with the auditor, and only requires him to pay the *amount* of the poll-tax collected. While in the hands of the collector, before payment to the county superintendent of education, the legally appointed officer to receive and disburse it, the money collected for poll-tax is as much the property of the State, as money collected for taxes levied on real or personal property, a part of which the constitution commands shall be applied to the support and maintenance of public schools. If the collector did not carry more money than was sufficient to pay both the

[Collins v. Jones.]

warrant and the amount of poll-tax collected, he was not guilty of negligence in this regard.

Affirmed.