# Black-Laird & Co., Ltd., et al. v. Vandiver & Co.

## Damages for Killing Mule.

(Decided April 23, 1908. 46 South. 524.)

1. *Appeal; Review; Refusal of New Trial.*—Where the evidence is conflicting a refusal to grant a new trial because of insufficiency of evidence will not be disturbed, the credibility of the witnesses being for the jury.

2. *Same; Exceptions, Bill of; Statement of Evidence.*—Where the bill of exception does not purport to contain all the evidence, the court will not be put in error for refusing to give the affirmative charge.

3. *Same; Assignments of Error.*—Where the assignment of error is to the refusal of the court to give three charges, such assignment is not sustained unless the refusal of each was error.

4. *Municipal Corporations; Defective Streets; Contributory Negligence.*—The fact that there was a red lighted lantern at the intersection of one street with another does not make it contributory negligence as a matter of law for one to drive into such street.

APPEAL from Montgomery City Court.

Heard before Hon A. D. SAYRE.

Action by W. F. Vandiver & Co., against the Black-Laird Company, Limited, and the city council of Montgomery, for loss of a mule. Judgment for plaintiff Defendants appeal. Affirmed.

21 C

The following charges were refused to the defendants:
"(9) If the jury believe from the evidence that a red, lighted lantern was placed at the intersection of Cedar with Lake street, in position to be seen by said driver, this was sufficient to put him on notice of the danger of driving into Lake street; and if he continued to drive into Lake street with such knowledge he was guilty of contributory negligence, and plaintiffs cannot recover." (11) Same as 9, except that it asserts an assumption of risk, instead of contributory negligence. "(15) The court charges the jury that if plaintiff's driver could see a large pile of dirt at the end of said excavation of Cedar and Lake streets, by the exercise of due care, and a red, lighted lantern on such pile of dirt, this was sufficient to put him on notice of danger in driving into said street, if the jury further believe that said driver was familiar with said street before the excavation was made, and knew that said street was only 21 or 22 feet wide from center of trench to property line on north side; and if his negligence in this particular contributed proximately to the death of said mule, plaintiffs cannot recover."

CHARLES A. CALHOUN, and C. P. MCINTYRE, for appellant. The appellant were in the exercise of that degree of care which the law required when they had lighted red lanterns placed at the bridge of Hall street on Lake street, and on the pile of dirt at Cedar and Lake. —*Mayor of Birmingham v. Starr,* 112 Ala. 106; *Town of Cullman v. McMinn,* 109 Ala. 617; *Tayloe v. Tayloe,* 105 Ala. 170; *City Council v. Wright,* 72 Ala. 411; *Albritton v. Mayor,* 60 Ala. 486; 2 Dillon Munic. Corp. 1258. If the driver was sufficiently intoxicated to make him oblivious of his surroundings, and did not use his faculties to that degree of care and prudence which an

[Black-Laird & Co., Ltd., et al. v. Vandiver & Co.]

ordinarily prudent person would have used under like circumstances and conditions, the appellants would not be liable.—Authorities supra; *Finney v. Fletcher*, 81 Ala. 284. New trial should have been granted.—*Cobb v. Malone*, 92 Ala. 630; *White v. Blair*, 95 Ala. 148; *Western R. R. v. Mutch*, 97 Ala. 194. The court should have given the affirmative charge.—*Smoot v. M. & M. R. R. Co.*, 67 Ala. 16; *Tyre v. Lyon, et al.*, 67 Ala 5. The charges requested by appellant should have been given on the authorities supra.

HILL, HILL & WHITING, and ARMSTEAD BROWN, for appellee. The bill of exceptions is prepared in flagrant violation of Rule 33, Circuit Court Practice.—*Gassenheimer Paper Co. v. Marietta Paper Co.*, 127 Ala. 183; *Woodward Iron Co. v. Herndon*, 130 Ala. 364; *L. & N. R. R. Co. v. Hall*, 131 Ala. 161; *Southern Ry. Co. v. Jackson*, 133 Ala. 384. Under the facts in this case the city and the Black-Laird Co. are both liable.—*Montgomery St. Ry. Co. v. Smith*, 29 South. 761. The affirmative charge was properly refused.—*Montgomery Traction Co. v. Haygood*, 44 South. 560; *Hudson v. Bauer Groc. Co.*, 105 Ala. 201. Where the evidence is in conflict the affirmative charge should not be given.—Authorities supra; *Roman v. Rosser*, 123 Ala. 641. Each charge requested by the appellant emphasized or gave undue prominence to certain parts of the evidence, and are misleading.—*Wadsworth v. Williams*, 101 Ala. 265; *Crawford v. The State*, 112 Ala. 1. The assignment is joint as to these charges and if any one was properly refused the assignment must fail.—*Smith v. The State*, 130 Ala. 95.

SIMPSON, J.—This was an action by the appellees against the appellants for the value of a mule, belonging

to the plaintiff, which was killed by falling into a ditch on Lake Street, in the city of Montgomery. There is no dispute as to the joint liability of both defendants, if either is liable. The mule was being driven by a servant of the plaintiff, after 5 o'clock, on the evening of the 24th of December, 1906, when the ground on the edge of said ditch caved in, and the mule went down, with another mule on him.

The point mainly argued by the appellants is that the court erred in overruling the motion for a new trial. It is unnecessary to repeat the many rulings that have been made by this court as to what will justify this court in reversing a lower court for refusing to grant a new trial. It is sufficient to say that there is a conflict in the evidence on several material facts, such as how dark it was at the time, whether there was a red light at a certain point, and whether the man who was driving the mule was intoxicated; also whether there were certain planks across the ditch, and whether they were knocked down by the wheels of the dray to which the mule was attached. Another question, back of all this, for the jury to consider, was whether, admitting that there was a red light at the corner of Cedar and Lake Streets, and that the planks were in position as claimed, that was such warning as a reasonable regard for the safety of the public would suggest. It was a question for them to consider, also, as to whether, under all the circumstances, the servant of the plaintiff was guilty of contributory negligence in attempting to drive his dray along that street at that time of the evening.

The credibility of the testimony is peculiarly for the jury, and we do not think that in this case there is such a state of facts as to justify this court in reversing the judgment of the city court in refusing to grant a new trial. What has been said would also cover the assign-

ment with regard to the refusal of the court to give the general charge at the request of the defendant; but it may be said, in addition, that the bill of exceptions does not state that it includes substantially all of the testimony.

Appellants embrace in one assignment of error the refusal of the court to give charges 9, 11, and 18, requested in writing by the defendants. In order to sustain the assignment, it is necessary that each refusal should be erroneous.—*Smith v. State*, 130 Ala. 95, 98, 30 South. 432. Referring to charge No. 9, it cannot be said, as a matter of law, that the fact that there was a red, lighted lantern at the intersection of Cedar and Lake streets made it contributory negligence for the plaintiff's servant to drive into Lake street. While it was sufficient to put him on notice that there was an excavation or some defect there, and to require him to be on the lookout and use reasonable care to avoid accident, yet as to whether it was negligent to continue to drive on said street would depend upon other facts, such as whether there was sufficient space left on which to drive safely, etc. Hence there was no error in refusing this charge.—*Mayor and Aldermen of Birmingham v. Starr*, 112 Ala. 98, 107, 108, 20 South. 424; *City Council of Montgomery v. Wright*, 72 Ala. 412, 421, 422, 47 Am. Rep. 422. The same reasoning applies to charge No. 11.

Besides the fact that charge 15 is involved and confusing in other respects, it cannot be determined, with any certainty, to what the expression "his negligence in this particular" refers.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.