[City Council of Montgomery v. Comer.]

# City Council of Montgomery v. Comer.

## *Damages for Injuries From Defective Street.*

(Decided May 21, 1908.   46 South. 761.)

1. *Municipal Corporations; Torts; Defect in Street; Negligence.*—
Under the express provisions of section 24, the city is not liable for
damages for defects in the sidewalk unless the city was negligent in
and about the same.

2. *Same; Latent Defects; Notice.*—Where a city permits a plank
sewer constructed beneath the surface of the sidewalk to remain for
such a length of time that the wood decays and the sewer caves in
when a pedestrian stepped upon it, and injury results to such pedes-
trian the city is liable, although its charter provides that no liability
shall attach unless the injury occurred after the defect had been call-
ed to the attention of the city, or had existed for such unreasonable
length of time as to raise a presumption of knowledge, since the city
is chargeable with notice that wood is a perishable material, liable to
decay.

3. *Same; Contributory Negligence; Knowledge of Danger.*—The
mere fact that a pedestrian had knowledge that a wooden sewer un-
der the sidewalk was defective and decayed did not necessarily show
that such pedestrian was not in the exercise of the care that a rea-
sonably prudent person would have exercised in passing along the
sidewalk; in any event the question of contributory negligence was
not one of law but of fact for the jury to determine.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by J. C. Comer against the city council of
Montgomery. From a judgment for plaintiff, defendant
appeals. Affirmed.

The facts sufficiently appear in the opinion of the
court. The following charges were refused to the de-
fendant: "(1) If the jury believe from the evidence
that there was no apparent or observable defect in the
sidewalk where plaintiff received the alleged injuries,
then the verdict should be for the defendant. (2) If
the jury believe from the evidence that the defect com-
plained of was an undisclosed defect, then the verdict

[City Council of Montgomery v. Comer.]

of the jury must be for the defendant. (3) If the jury believe from the evidence that the plaintiff knew or had reason to know that the bridge across the sidewalk where plaintiff was injured was defective and decayed, then the jury must find for the defendant." (4) General affirmative charge.

C. P. McINTYRE, for appellant. The court erred in declining to charge the jury that if they believed from the evidence that in the exercise of reasonable care the city authorities did not ascertain that the sewer where plaintiff was injured was out of repair, their verdict should be for the appellant.—*Warren v. Wright,* 3 Ill. App. 602; *Ring v. City of Cohoes,* 77 N. Y. 83; 24 A. & E. Ency of Law, 90. The 3rd charge requested by appellant should have been given.—*Emporian v. Smidling,* 33 Kan. 485.

HILL, HILL & WHITING, for appellee. The fact that the gutter was made of wood carried with it the notice that it would decay and become defective. Such knowledge carried with it the duty to examine and repair.—*Howard County v. Legg,* 110 Ind. 479; *Rapho Township v. Moore,* 68 Pa. St. 404; *Sherwood v. District of Columbia,* 3 Mackay D. C. 276; 11 H. L. Co. 687. The city having knowledge of the gutter being there, it was its duty to keep the sidewalks in a reasonably safe condition for travel, which presumption the appellee could indulge, and was under no duty to keep a lookout.—*Birmingham v. Tayloe,* 105 Ala. 170; *Montgomery St. Ry. Co. v. Smith,* 39 South. 757. The charges refused the defendant were properly refused.— *City of Mobile v. Shaw,* 43 South. 94; *Birmingham v. Tayloe, supra; Weisenberry v. Appleton,* 26 Wis. 56. The testimony made out a case for plaintiff.—*Hudson v. Bauer Groc. Co.* 105 Ala. 201.

DENSON, J.—Across one of the sidewalks of the city of Montgomery the city authorities had placed a wooden sewer about 12 inches wide and 10 inches deep. It extended from the property line into the street. It had been in place several years, and on account of the dirt with which it was covered it was invisible except at its mouth on the street. For a period of four years the sewer had not been examined or repaired by the city authorities and was in a decayed condition. On the 19th of September, 1906, between 8 and 9 o'clock in the morning, the plaintiff, walked along the sidewalk, stepped upon it, directly over the sewer and the sewer gave way, and his foot went through a decayed plank to the bottom of the sewer. He fell, and sustained an injury to his hip. Plaintiff testified that the sewer was invisible on the sidewalk, on account of the fact that it was covered with dirt, but that the end of it, where it entered the street, was visible, and that he noticed that one or two of the little boards that covered the sewer had been knocked off at the point beyond the sidewalk where the sewer passed into the street, but that there was no apparent defect on the sidewalk. The cause was tried on the general issue and a plea setting up contributory negligence. From a verdict for the plaintiff for $500 the defendant has appealed.

The liability of the city for injuries suffered by reason of a defect in a sidewalk is rested upon negligence. Section 24, Charter of Montgomery; *City Council v. Wright,* 72 Ala. 411, 47 Am. Rep. 422. The evidence shows there was a defect, and the consequent injury; but the charter (section 24) provides that no liability shall attach unless the injury occurred after the defect "had been called to the attention of the city council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge

of such defect on the part of the city council." There is no pretense that the defect had been expressly called to the attention of any city official and it may be conceded that a casual looking at the surface of the sidewalk would not have revealed the defect. But the city built the sewer of plank—perishable material—material the authorities were bound to know would decay. When it was built does not appear by the evidence; but the city had not repaired it in four or five years. The ends of the planks that extended into the street were decayed and "somewhat broken down." These ends were visible to persons passing by, and it may be assumed that they were as easily observable by any city official charged with the duty of inspection; yet the sewer was left in that condition and without repair. Its decayed and broken condition indicated that it must have been in need of repair for some time. At least, we are of the opinion that, on the evidence, whether or not the defect had existed for such length of time as to raise a presumption of knowledge on the part of the city was a jury question.—*Sherwood v. District,* 3 Mackey (C. C.) 276, 51 Am. Rep. 776; *Board, etc., v. Legg,* 93 Ind. 523, 528, 47 Am. Rep. 390. On the considerations above expressed, charges 1 and 2, requested by the defendant, were properly refused.

The plaintiff may have known the sewer was defective and decayed, yet he may have been in the exercise of that care which a reasonably prudent person would have exercised in passing along the sidewalk. From the evidence we cannot say he was not in the exercise of such care, and therefore hold that the court committed no error in refusing charge 3.

If, as decided above, notice to the defendant of the defect and contributory negligence were questions for

[Enterprise Lumber Co. v. Porter & Newton.]

the jury on the evidence, it must follow that charge 4, requested by the defendant—the general affirmtive charge—was properly refused.

Affirmed.

Tyson, C. J., and Haralson and Simpson, JJ.,concur.