# Slight v. Frix.

*Assumpsit.*

(Decided Feb. 3, 1910.   51 South. 601.)

1. *Pleading; Construction After Judgment.*—While the pleading is construed most strongly against the pleader on demurrer, it will be liberally construed when necessary to support a judgment.

2. *Logs and Logging; Stumpage; Lien; Variance; Lumber; Timber.*—Where the suit was started by attachment and the affidavit set up a lien for stumpage under section 4814, Code 1907, as for timber sold, and the complaint claimed for lumber sold, and also claimed under a lien for stumpage under the statute, the word "lumber" as used in the complaint will be held to be synonymous with "timber," when considered in connection with all the averments of the complaint and the affidavit, as against the objection that there was a fatal variance in the pleading and the proof, since it all can be reasonably harmonized with the affidavit and the evidence showing a sale of timber instead of lumber.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Attachment by C. R. Frix against J. H. Sligh, to enforce his lien for stumpage. Judgment for plaintiff and defendant appeals. Affirmed.

GEORGE D. MOTLEY, for appellant.—There was a variance between the complaint and the proof. Timber

[Slight v. Frix.]

is not lumber.—*Robbins v. Otis,* 1 Pick. 368; 22 A. &
E. Ency. P. & P. 598. For analoguous cases, see.—
*Stewart v. Tucker,* 106 Ala. 319; *Wilkerson v. King,* 81
Ala. 156. The allegata and the probata must always
correspond.—*Thompson v. Richardson,* 96 Ala. 488; *C.
of G. v. Simons,* 150 Ala. 400.

HOOD & MURPHREE,. for appellee.—The assumption'
that there was a variance is without merit.—Section
4814, Code 1907. In any event, this issue cannot be
raised for the first time on appeal.—*Ensly M. Co.·v.
Hartwell,* 142 Ala. 661; 22 Ency. P. & P. 524.

ANDERSON, J.—It is insisted by the appellant that
there was a fatal variance between the allegata and pro-
bata, that the complaint is for lumber sold, and the
proof shows a sale of timber as distinguished from lum-
ber. The suit was started by attachment, and the affi-
davit sets up a lien for stumpage under section 4814 of
the Code of 1907 for timber sold. It is true that the
complaint charges for lumber sold; but it also claims
under a lien for stumpage, under the statute, and which
said statute gives a lien for timber sold. It is therefore
manifest that the complaint attempted to conform to
the affidavit, and to claim under section 4814 of the
Code of 1907, and the word "lumber," as used, was
synonymous with "timber," when considered in connec-
tion with all the averménts of the complaint and the
affidavit.

While pleading must be construed against the plead-
er on demurrer, it should be liberally construed when
necessary to support a judgment, and no point was
made, by demurrer or otherwise, to point out any defect
in the complaint or variance between it and the affi-
davit. We are therefore of the opinion that the trial

[Cantrell v. Lindsey.]

court did not err in rendering judgment for the plain-tiff. There may be a well-defined distinction between timber and lumber; but inasmuch as the complaint in the case at bar claimed a lien for stumpage for lumber sold, the use of the word "lumber" was intended for "timber," when taken in connection with the other aver-ments of the complaint, the material sold was under a stumpage contract, and must have referred to timber sold and not lumber. We do not mean to hold that the complaint was good as against demurrer, but think that it can be so reasonably construed as to harmonize with the affidavit and evidence.

The judgment of the city court is affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., con-cur.