# Birmingham Ry. L. & P. Co. *v.* Donaldson.

### Injuries on Track.

(Decided April 6, 1915.   Rehearing denied May 11, 1915.
68 South. 596.)

1. **Street Railroads; Use of Street; Repair; Statutes.**—A failure of a street railway to meet the duty prescribed by § 1269, Code 1907, considering the ordinary and expected travel of the locality, which proximately results in injury to one entitled to use the street, renders the street railway company liable.

2. **Pleading; Demurrer; Ground.**—Although a count of a complaint was defective for a failure to aver that defendant occupied the street by its street railway at the point of injury to one crossing its tracks, such count was sufficient under § 5340, Code 1907, to sustain judgment in the absence of a specific objection by demurrer pointing out the defect.

3. **Street Railways; Repair of Street; Injury; Complaint.**—Where a count showed with certainty to a common intent that the tracks were not laid into the streets so as to form an even surface, but were allowed to project, creating a dangerous condition, and that plaintiff was injured as a proximate result of such condition while plaintiff was in the rightful use of said street, it was sufficient, since all the averments must be construed together in determining whether a complaint is equivocal or not.

4. **Same.**—A count for injuries to one stumbling over a projecting rail while crossing the tracks of a street car company, was sufficient where it averred a failure of defendant to maintain its tracks in a proper and safe

condition for public travel, as it substantially followed the language of § 1269, Code 1907.

5. Same.—Such a count was not rendered demurrable by the averment that the condition was dangerous to persons of plaintiff's age, stating plaintiff's age, as such superfluous averments are not properly reached by demurrer, but by a motion to strike.

6. Same; Nuisance; Liability.—Where the tracks of a street railroad are in a dangerous condition, obstructing public travel, the road is guilty of maintaining a nuisance, and is liable for injuries resulting therefrom.

7. Pleading; Demurrer; Admission.—On demurrer the averments of a pleading are taken to be true.

8. Street Railroads; Repair; Ordinance; Duty.—The fact that a street railroad repaired its tracks and the pavement on either side thereof in conformity with a city ordinance will not excuse it for a failure to do said work as safely as possible.

9. Appeal and Error; Harmless Error; Pleading.—Where facts pleaded are not in avoidance, but are in denial of the averments of the complaint, such facts may be shown under the general issue and the sustaining of a demurrer to a plea setting up such facts is harmless, if error.

10. Same.—Where a defendant has the full benefit of matters in a plea to which no demurrer was sustained, the fact that demurrers were sustained to other pleas setting up the same matters, is harmless.

11. Street Railroads; Repair of Street; Use; Injury.—Where the action was against a street railway for injuries caused by tripping over a projected rail at a point where the street was being repaired, the frequency of the use of the street at that point was within the issue, as bearing upon the question of defendant's negligence, in doing the work with or without proper care.

12. Same.—Where a street railroad was paving its streets in the center and on either side, the fact that it ordered the material from reputable manufacturers, did not relieve it of the duty imposed upon it to protect the traveling public against the dangers incident to the repairs.

13. Appeal and Error; Review; Estoppel to Allege.—Where charges applicable to the issues presented by a count of the complaint, were requested and given before the affirmative charge as to such count was requested by defendant, error cannot be predicated upon the action of the court in giving such charge.

14. Street Railroads; Repair; Injury; Contributory.—Where a plaintiff was injured in crossing a street railway track in course of repair he was not guilty of contributory negligence, unless he was guilty of negligence in attempting to cross the street at the place, and such negligence proximately contributed to his injuries.

15. Same.—Where one attempted to cross a street railway track which was in course of repair, such one could not be held guilty of contributory negligence where the track was not in such a condition that a reasonably prudent man would not have attempted to cross.

16. Same.—In such a case defendant has the burden of proving its pleas of contributory negligence.

17. Same; Act of Servant; Liability.—In repairing its tracks and in paving between them and on either side, a street railway company was liable

[Birmingham Railway, Light & Power Co. v. Donaldson.]

for the acts of its servants done in the scope of their employment whether in obedience to, or in violation of instructions.

18. **Same; Negligence; Proximate Cause.**—In such an action the burden of proving the negligence of defendant, and that plaintiff was injured while in the rightful use of the street, as a proximate result of such negligence, was on plaintiff.

19. **Same; Jury Question.**—The issues in this case, under the evidence, of the negligence of the defendant, and whether plaintiff was injured as a proximate consequence thereof, while rightfully using the street, were for the jury.

20. **Same; Contributory Negligence; Jury Question.**—In this case, the question whether the defect in the street was so obvious that no prudent man would have used that place to cross the tracks, was a question for the jury under the evidence.

21. **Charge of Court; Assuming Facts.**—A charge asserting that if the jury should believe that by ordinary care the plaintiff might have avoided the excavation in and along the track of defendant, and that if plaintiff failed to exercise such care, and such a failure contributed to his injury, he could not recover, assumed that the condition of the street was such that ordinary care required that defendant should avoid its use.

22. **Same; Argumentative.**—Charges asserting that the fact that other people passed over the excavation between the track of defendant would not relieve plaintiff of the duty to exercise due care, and that the age of plaintiff was a circumstance to be considered in determining whether he exercised due care in attempting to cross, were properly refused as argumentative.

23. **Same; Undue Prominence.**—A charge asserting that the age of plaintiff was a circumstance to be considered in determining whether he exercised due care in attempting to cross the track at a point where it was under repair, gave undue prominence to one fact in the case and was properly refused.

24. **Same; Directing Verdict.**—Where the evidence tends to support a complaint, the question of liability is a question for the jury.

25. **Same; Covered by Those Given.**—Where the court had already given the affirmative charge as to a count in the complaint, it was not error to refuse such a charge couched in a different form.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by John B. Donaldson against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the complaint: Count 1. Plaintiff claims of defendant * * * damages for that * * * defendant company owned and operated street cars on Nineteenth street, in the city of Birmingham, where the same intersects Sixth avenue, in said city; the defendant company or its servants or employees, acting within the line or scope of their employment by

defendant, negligently allowed the tracks upon which said cars ran in said streets to be in a dangerous condition at said point, in this, that they were not sunk or let down into the street. Plaintiff avers that in attempting to cross defendant's tracks at said point he struck his foot against one of said tracks, and was caused thereby to fall on or against another of said tracks in said avenue, or against a switch connected with said track and part thereof, and suffered injuries as follows. * * * Plaintiff avers that all of his said injuries and damages were proximately caused by reason of the negligence of defendant, or its servants or employees, acting within the line and scope of their employment, in negligently failing to maintain the track of said street cars on Sixth avenue and Nineteenth street, which is a public highway, in a proper and safe condition for public travel, and for persons of his age; plaintiff being 68 years old.

Count 2. Same as 1, except that it is alleged that defendant company or its servants or agents, acting within the line or scope of their employment, negligently left said track or tracks at said point in a dangerous condition, and in a condition which was dangerous to public travel, in this, that said tracks were negligently uncovered and exposed, and allowed to remain uncovered and exposed, and allowed to project from the ground. This count concludes in the same language as count 1.

Count 3 alleges the nuisance maintained on the same statement of fact as appears in count 1.

The ordinance set out in count 6 is as follows: It shall be the duty of every person or corporation operating street cars over the streets and avenues of the city of Birmingham to keep in repair that part of the street between the said tracks of such railroad, and for two feet on either side thereof, and all street railroad tracks must be kept and maintained so as not to impede the free passage of vehicles over them.

Plea 3 asserts that in complying with the improvement ordinance which was set out defendant, in order to pave that part of said highway between the tracks of said railroad and for the requisite distance on each side of the tracks, had to excavate and remove therefrom large quantities of material of which said highways were composed, and replace the same with slag and paving material, and at the time plaintiff was injured said highways were obstructed only to such an extent as was necessary

and proper in order to do said paving in a proper and workmanlike manner, and it was necessary for them to be so obstructed at said time in order for said paving to be done in a proper and workmanlike manner.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. ALLEN & BELL, for appellee.

BROWN, J.— (1) The right of the street car company to lay its tracks on the public streets carried with it the duty imposed by the statute (Code 1907, § 1269), which provides: "Street and other railroad companies shall be required to keep their tracks in repair, using such rails as may be prescribed, and shall maintain and keep in repair the streets between their rails and for eighteen inches on each side, in such manner as the council may prescribe. Any public utility using the streets of the city or town shall at all times, in the manner prescribed by the council, render the use of such streets safe to vehicles and to persons, and all tracks on such streets shall, when required by the council, be placed at any fixed grade, and changed, free of expense to the municipality, when * * * necessary."

And if injury to one entitled to use the street so occupied as a right of way of travel proximately results from a failure to meet this duty by allowing the street within the zone fixed by the statute to become dangerous as a way of public travel, a case of liability is made.—*Street Railway Co. v. Smith,* 146 Ala. 324, 39 South. 757; *Birmingham Union Ry. Co. v. Alexander,* 93 Ala. 133, 9 South. 525; 1 Nellis on Street Railways (2d Ed.) § 161; 2 Elliott on Roads and Streets (3d Ed.) § 970; *Groves v. Louisville Ry. Co.,* 109 Ky. 76, 58 S. W. 508, 52 L. R. A. 448, and notes; *State v. Jacksonville Street Ry. Co.,* 29 Fla. 590, 10 South. 590.

"It is a rule of law, as it is a lesson of common experience, that precautionary requirements increase in the ratio that danger becomes more threatening," and the duty imposed by the statute on the street railway company to maintain the streets occupied by its tracks so as to "render the use of such streets safe to vehicles and persons" requires that they be kept in such condition that the ordinary and expected travel of the locality may pass with reasonable ease and safety.—1 Nellis on Street Railways, § 161, p. 360; *L. & N. R. R. Co. v. Webb,* 97 Ala. 311,

12 South. 374. "The duty to keep in repair is to be performed at once on the arising of occasions for repair, or the doing of it put off for a reasonable time, if the nature of the occasion warrants delay. In the latter case the duty to keep in repair carries with it the duty to guard the public against harm from the repair being delayed. This may be done by placing barriers by day, and barriers and lights by night, about the defective place, or some temporary expedient sufficient for the time, such as a bridge over the opening or founderous place."—1 Nellis on Street Railways, supra.

(2-4) If it can be said that count 1 of the complaint is defective for failing to aver that the defendant occupied the street by its street railway at the point of the alleged injury, this defect is not specifically pointed out by demurrer, and, in the absence of objection thus made, the count is sufficient in this respect to sustain a judgment.—*Slight v. Frix,* 165 Ala. 230, 51 South. 601; Code, § 5340. In construing a count of the complaint, to determine whether its averments are equivocal or not, it is not permissible to segregate one part from the other, but all of its averments must be construed and considered together.— *L. & N. R. R. Co. v. Smith,* 163 Ala. 141, 50 South. 241. When the averments of count 1 are thus construed, it appears with certainty to a common intent that the rails or "track upon which said cars run" were not let into the street so as to form an even surface, but were allowed to extend above the surface of the street so as to obstruct the use and create a condition rendering its use dangerous as a way of public travel, and plaintiff, while in the rightful use of the street, received his injuries as a proximate result of this condition. The averment to the effect that the defendant failed to maintain its tracks "in a proper and safe condition for public travel" is, in substance, the language used in the statute, "render the use of such streets safe to vehicles and to persons," and is not repugnant to the statute nor subject to the objection that it imposes on the defendant a higher duty.—Code, § 1269.

(5) If the complaint states a cause of action, it is not the office of a demurrer to rid it of redundant and superfluous averments; such averments should be eliminated by motion to strike. —*B. R., L. & P. Co. v. Hunnicutt,* 3 Ala. App. 448, 57 South. 262. The averment following the above-quoted averments and

found in counts 1 and 2, to wit, "and for persons of his age, plaintiff being 68 years old," is of this class, and under the rule stated did not render these counts demurrable.

(6, 7) Count 3 avers that the tracks upon which the defendant operates its street cars were in such dangerous condition that public travel on the street and avenue was hindered and obstructed, and that persons using such street and avenues were likely to be injured. If these averments are true, and they must be so treated on demurrer, the defendant was guilty of maintaining a nuisance.—*State v. Mayor, etc., of Mobile,* 5 Port. (Ala.) 279, 30 Am. Dec. 564; *Hoole v. Attorney General,* 22 Ala. 195; *State v. Mayor, etc., of Mobile,* 24 Ala. 706; *Costello v. State,* 108 Ala. 52, 18 South. 820, 35 L. R. A. 303; *L. & N. R. R. Co. v. Mobile, J. & K. C. R. Co.,* 124 Ala. 166, 26 South. 895; *Reed v. Birmingham,* 92 Ala. 339, 9 South. 161; *Demopolis v. Webb,* 87 Ala. 659, 6 South. 408. And if, as a proximate result, the plaintiff was injured, the defendant would be liable.—*Ala. Western R. R. v. Wilson,* 1 Ala. App. 312, 55 South. 932; *Sloss-Sheffield Steel & Iron Co. v. Mitchell,* 161 Ala. 278, 49 South. 851.

The statute (Code, § 1269) grants to the municipality power of supervision over the use of its streets by public utilities, and in the exercise of such supervision it may pass any ordinance not inconsistent with the statute necessary to carry out its purpose to maintain its streets in a condition that will enable the public to travel them with reasonable ease and safety.—1 Nellis on Street Railways, § 161; *State v. Jacksonville St. Ry. Co.,* 29 Fla. 590, 10 South. 590; *Borok v. Birmingham,* 191 Ala. 75, 67 South. 389; *Turner v. Lineville,* 2 Ala. App. 454, 56 South. 603. If there is any conflict or inconsistency between the statute and the ordinance set out in count 6 of the complaint, it is not pointed out either by the demurrer or in argument.

(8) The demurrers to the complaint were properly overruled. The fact that the city passed an improvement ordinance authorizing and requiring the defendant to pave the street between its tracks and on each side thereof for a distance specified in the ordinance in a workmanlike manner, did not excuse the defendant from exercising due care to avoid creating a condition from which injury to one lawfully entitled to use the street would result, or in maintaining a public nuisance calculated to cause in-

jury to persons traveling along the street. If in the lawful exercise of its authority to improve the street the defendant created a dangerous condition, then due care required that it use reasonable safeguards to protect the traveling public against dangers arising therefrom. The third plea was subject to some of the objections pointed out by the demurrer, and the court ruled correctly in sustaining the demurrer.

(9, 10) We entertain the opinion that the matters embraced in plea 3 could well have been shown under the general issue. The sole tendency of the facts set up is not in justification of the negligence or of maintaining the nuisance declared on, but in denial of the averments of the complaint.—*Barrett v. City of Mobile*, 129 Ala. 186, 30 South. 36, 87 Am. St. Rep. 54. But whether this be true or not, the defendant had full benefit of this defense under pleas 2 and 6, and for this reason, if error had been committed by the court in sustaining the demurrers to plea 3, it was without injury.

(11, 12) The frequency of the use of the street was within the issue presented. It was the duty of the defendant to maintain the streets between its tracks and for 18 inches on either side so as to render the use of the street "safe to vehicles and persons," that the ordinary and expected travel of the locality might pass with reasonable ease and safety. What would be due care as to an unfrequented and seldom used street might amount to gross want of care as to a street in a thickly populated district of a city where the demands of trade and public intercourse required constant use of the street.—*L. & N. R. R. Co. v. Webb*, 97 Ala. 311, 12 South. 374; *A. G. S. R. R. Co. v. Guest*, 144 Ala. 379, 39 South. 654. The fact that the persons from whom defendent had ordered material to repair the street were reputable manufacturers of such article did not relieve the defendant of the duty imposed on it to protect the traveling public against the dangers incident to the condition it had produced in preparing to repair the street, and was not material to any issue in the case; and the assignments of error predicated on the rulings of the trial court as to this proposed proof are without merit.

(13) Charges made a predicate for assignments of error 17 and 18 were applicable to the issues presented by the seventh count of the complaint, as to which the affirmative charge was given in defendant's favor. The record does not show but what

these charge were requested and given before the affirmative charge was requested by defendant, and, as referred to that count, they were correct.

(14-16) Common to both of the defendant's pleas of contributory negligence 4 and 5 were averments, in substance, that the plaintiff, with the knowledge that the place where he attempted· to cross was dangerous, negligently attempted to cross at the place where he received the injury, and as a proximate consequence thereof he was injured. It was essential to the defense set up by these pleas that the jury be reasonably satisfied that the plaintiff was guilty of negligence in attempting to cross the street at this place, and that this negligence proximately contributed to his injury. The evidence does not show that the place where plaintiff attempted to cross was so obviously dangerous that a reasonably prudent man would not have attempted to cross, and, if the plaintiff exercised that care a reasonably prudent person would have exercised under like conditions and circumstances, it cannot be said that he was guilty of negligence.—*L. & N. R. R. Co. v. Handley,* 174 Ala. ·593, 56 South. 539; *Montgomery v. Comer,* 155 Ala. 422, 46 South. 761, 762; *Pioneer Mining Co. v. Smith,* 150 Ala. 359, 43 South. 561; *Mayor, etc., of Birmingham v. Starr,* 112 Ala. 98, 20 South. 424; *Birmingham v. Gordon,* 167 Ala. 334, 52 South. 431; *Black v. Vandiver,* 155 Ala. 321, 46 South. 524. Charges on which assignments 19 and 20 are predicated, when referred to the issues presented by these pleas, were correct and properly given.

(17) Charges embodying correct statements of the law must be referred to the issues in the case. The charge used as a predicate for assignment of error 21, when so considered, was properly given.

(18, 19) The substance of the issue as presented under the first count of the complaint is that the defendant negligently maintained its tracks in such condition that the rails on which it operated its street cars were allowed to extend above the surface of the street as it was constituted at the time of the injury so as to obstruct the use of the street and create a condition rendering its use dangerous as a way of public travel, and that plaintiff, while in the rightful use of the street, received his injuries as a proximate consequence of such negligence. The evidence showed and tended to show that the place where the plain-

tiff received his injury was at the intersection of Sixth avenue and Nineteenth street, in the city of Birmingham; that these streets at this point were used with great frequency; that the defendant had excavated between its street car tracks along Sixth avenue, removing all the paving from between the tracks and on each side thereof for a distance of 2 feet to a depth from 13 to 18 inches, and had filled in this excavation with slag, bringing the surface of the street up to from 2 to 4 inches of the top of the rails, leaving the rails extending above the surface of the street as thus constituted from 2 to 4 inches, and leaving the surface of the street covered by the excavation rough and uneven; that from two to three months prior to the injury the work on this street was discontinued, and no temporary way of passage over this rough place was provided, and no other safeguards used to protect the traveling public or prevent the use of the street at this point were used or provided, and while plaintiff was attempting to cross with reasonable care he was injured. The burden was on the plaintiff to prove the substance of the issues, and the evidence was sufficient to carry the case to the jury on the first count.—Jones on Ev. c. 8, §§ 232-234.

(20) Mere knowledge of the defect in a street constantly used by the traveling public imposed no duty on the plaintiff to avoid its use at this place, unless the danger was so obvious that a reasonably prudent man would not have used it, and this under the evidence was for the jury, and the affirmative charge as to count 1 was well refused.—*City of Birmingham v. Gordon,* 167 Ala. 334, 52 South. 431; *Black-Laird & Co., Ltd., v. Vandiver & Co.,* 155 Ala. 321, 46 South. 524.

(21) Charge made the basis of the twenty-sixth assignment of error assumes that the condition of the street was such that ordinary care and prudence required that the plaintiff avoid the use of the street at this point, and this charge was well refused.

(22, 23) The charges on which assignments 23 and 24 are predicated are argumentative, and were properly refused, and the last-mentioned singles out and gives undue prominence to one fact in the case, and pretermits a consideration of this fact along with all the other evidence in the case.

(24) There was evidence tending to sustain counts 2 and 6 of the complaint, and the affirmative charge as to these counts was well refused.

[Johnson, et al. v. McFry.]

(25) The charge used as a predicate for assignment 28 was, in effect, the affirmative charge as to count 7, and, as the affirmative charge in different form was given at defendant's instance as to this count, there was no error in refusing it.

No error appearing in the record, the judgment of the city court is affirmed.

Affirmed.