(84 South., 633)

CENTRAL OF GEORGIA RY. CO. v. WILLIAMS. (7 Div. 583.)

(Court of Appeals of Alabama. Oct. 21, 1919. Remittitur Filed Dec. 16, 1919.)·

1. PLEADING ☞34(7)—COMPLAINT LIBERALLY CONSTRUED ON APPEAL IN ABSENCE OF SPECIFIC GROUNDS OF DEMURRER.

In the absence of appropriate and specific grounds of demurrer questioning the sufficiency of the complaint and ruling of the trial court thereon, and proper assignment of error predicated on such ruling, on appeal the averments of the complaint will be accorded a liberal construction to support judgment for plaintiff; each count being considered as a whole, and its several averments considered together.

2. CARRIERS ☞314(5)—COMPLAINT AGAINST RAILROAD FOR INJURIES TO PASSENGER FROM SUDDEN STARTING SUFFICIENT.

Complaint alleging that plaintiff's wife was a passenger on one of defendant railroad's trains, and that while the train was standing at a station to allow passengers to leave it, and while the wife was doing so, the train was suddenly started to her injury, *held* sufficient to sustain judgment for plaintiff when liberally construed on appeal, in the absence of appropriate and specific grounds of demurrer.

3. CARRIERS ☞320(26)—EVIDENCE IN ACTION FOR INJURIES TO PASSENGER IN ALIGHTING HELD FOR JURY.

In action against railroad for injuries to plaintiff's wife, a passenger on a train which suddenly started as she was attempting to alight, it was for the jury to consider the conflicting phases of evidence tending to show that the wife was so injured, also tending to show she was injured in jumping from the train in motion, so that the affirmative charge was properly refused.

4. CARRIERS ☞347(11)—ATTEMPT TO ALIGHT FROM MOVING TRAIN NOT NEGLIGENCE AS A MATTER OF LAW.

An attempt by a passenger to alight from a moving train is not negligence as a matter of

law, and whether or not such act is negligence is not dependent solely on the age or sex of the passenger, but on the circumstances, such as the speed of the train, the passenger's physical condition, whether he or she is incumbered, etc.

5. APPEAL AND ERROR ☞230—OBJECTION TO ARGUMENT MUST BE MADE IMMEDIATELY IF EXCEPTION TO RULING IS TO BE REVIEWED.

Where defendant's objection to the statements by plaintiff's counsel in his argument to the jury is not affirmatively shown to have been made when the objectionable statement was made, and no corrective action of the court is shown to have been invoked, the objection to the statement is not reviewable.

6. CARRIERS ☞319(3)—$700 AWARD FOR INJURIES TO WIFE THROWN OFF TRAIN EXCESSIVE BY $450.

Damages of $700 awarded plaintiff for injuries to his wife when thrown, by a sudden start, off the steps of a train which she was attempting to leave as a passenger, held excessive by $450.

Appeal from Circuit Court, Shelby County; Hugh D. Merrill, Judge.

Action by G. W. Williams against the Central of Georgia Railway Company for damages for injury to his wife while a passenger on its railway. From judgment for plaintiff in the sum of $700, defendant appeals. Judgment affirmed, after filing of remittitur of $450.

See, also, 203 Ala. 339, 83 South. 63.

The complaint is as follows:

(1) The plaintiff claims of the defendant the sum of $3,000 damages for that, whereas, Georgia Ann Williams is and was at the time of the wrongs hereinafter complained of the plaintiff's wife and a member of plaintiff's family, and residing with the plaintiff as his wife, and had been for a long time prior thereto, plaintiff avers that on or about, to wit, the 28th day of October, 1917, the defendant was a common carrier of passengers by means of a railway over which it ran trains of cars propelled by locomotive steam engines for the transportation of passengers for pay, between Phœnix City and Smith's Station in Lee County, Ala., each said Phœnix City and Smith's Station being stations on the said railroad; and plaintiff avers that on said date the defendant carried the plaintiff's wife as its passenger, and his said wife paid the defendant the price which the defendant charged therefor to transport her as its said passenger from Phœnix City to Smith's Station, and while in an effort to leave or get off of said train at Smith's Station when the same was standing still the same was suddenly started with a violent and quick jerk, and as a proximate consequence thereof plaintiff's said wife was caused to fall to the ground, striking the same with great force and violence, and her hip was dislocated, broken, crushed, mashed, bruised, and mutilated, her leg and side were mashed, bruised, mutilated, lacerated, her shoulder was broken, dislocated, mashed, crushed, bruised, mutilated,

and lacerated, her arm was mashed, bruised, mutilated, crushed, and lacerated, and as a proximate consequence of the injuries complained of plaintiff has been put to great expense for medicine, medical care, and attention in and about his efforts to cure and heal said wounds and injuries of his said wife, and has devoted much time in waiting on, caring for, and providing for, and has been deprived of the society, companionship, and right of consort of, his said wife, all of which was proximately caused on account of the wrongs complained of; and plaintiff avers that he suffered all of said injuries and consequent damages by reason of and as a proximate consequence of the negligence of the defendant in and about the carriage or transportation of his said wife as its said passenger as aforesaid.

Charge F. There is a variation between the allegations and the proof in this case, in that it is alleged that Georgia A. Williams was thrown from the train by a sudden starting of the train by a quick jerk, and that the proof does not prove or try to prove said averment.

Assignment of error 4 is as follows:

The trial court erred in overruling the defendant's objection to the statement of plaintiff's counsel in his argument to the jury, as follows: "You know how railroads get their witnesses."

London, Yancey & Brower, of Birmingham, for appellant.

In the absence of proof of a material allegation of the complaint, the defendant is entitled to a directed verdict. 67 Ala. 570; 152 Ala. 133, 44 South. 602; 67 Ala. 1; 167 Ala. 268, 52 South. 648; 125 Ala. 199, 27 South. 1006. Charge F. should have been given. 75 Ala. 136; 150 Ala. 378, 43 South. 348; 150 Ala. 332, 43 South. 222; 158 Ala. 391, 48 South. 99. The remarks of counsel were improper. 137 Ala. 206, 33 South. 863.

Riddle & Ellis, of Columbiana, for appellee.

It is not per se negligent to step from a moving train. 142 Ala. 298, 39 South. 207; 156 Ala. 237, 47 South. 210; 91 Ala. 424, 8 South. 708.

BROWN, P. J. [1] There is no assignment of error questioning any ruling of the court on the demurrers to the complaint, and it is a familiar rule that, in the absence of appropriate and specific grounds of demurrer questioning the sufficiency of the complaint, a ruling of the trial court thereon and proper assignment of error predicated on such ruling, on appeal, the averments of the complaint will be accorded a liberal construction in order to support the judgment. Dothan Chero-Cola Bottling Co. v. Weeks, 80 South. 734; [1] Slight v. Frix, 165 Ala. 230, 51 South. 601. And in so construing the complaint, its averments will not be segregated, but each count will be considered as a whole and its several

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 16 Ala. App. 639.

averments considered together. B. R., L. & P. Co. v. Donaldson, 14 Ala. App. 160, 68 South. 590; L. & N. R. R. Co. v. Smith, 163 Ala. 141, 50 South. 241.

[2] When the complaint in this case is so treated, it appears therefrom with sufficient certainty that plaintiff's wife was a passenger on one of defendant's trains, and while the train was standing still at Smith's Station to allow passengers to disembark, and while she was in the act of leaving the train, the train "was suddenly started with a violent and quick jerk, and as a proximate consequence thereof plaintiff's said wife was caused to fall," and when considered in connection with the general averment that plaintiff "suffered said damages as a proximate consequence of the negligence of the defendant in and about the carriage or transportation" of plaintiff's wife, is sufficient to sustain the judgment. Slight v. Frix, supra.

The evidence is without dispute that the train on which the plaintiff's wife was a passenger was crowded with passengers, and after it had stopped at Smith's Station to discharge passengers, and before plaintiff's wife and granddaughter had gotten off, the train, on signal given by the trainmen, was started and again stopped. There was some evidence offered by the plaintiff showing and tending to show that as soon as the train stopped the first time plaintiff's wife left her seat and, with the other passengers, started to the door of the coach where passengers were expected to leave the train, and before she could get off and just as she reached the platform of the car leading to the steps the train started with a sudden jerk, or, as some of the witnesses termed it, "a quick snatch," and plaintiff's wife was thrown to the ground and was injured.

[3] On the other hand, the defendant's evidence tended to show that after the train had started and before it could be stopped the plaintiff's wife, in the face of warning not to do so, jumped from the steps while the train was in motion, and that her injury was the result proximately of her own negligence. It was the province of the jury to consider these conflicting phases and tendencies of the evidence, and for this reason the affirmative charge was properly refused. State v. Houston, 83 Ala. 361, 3 South. 859; L. & N. R. R. Co. v. Dilburn, 178 Ala. 600, 59 South. 438; Southern Ry. Co. v. Morgan, 171 Ala. 294, 54 South. 626; Southern Ry. Co. v. Burgess, 143 Ala. 372, 42 South. 35.

[4] An attempt by a passenger to alight from a moving train is not, as a matter of law, negligence, and whether or not such an act is negligence is not dependent solely upon the age or sex of the passenger, but rather upon the attending circumstances, such as the speed of the train, the physical condition of the passenger, whether the passenger is incumbered, and other conditions and circumstances. Charge 13 was properly refused, K. C., M. & B. R. R. Co. v. Matthews, 142 Ala. 298, 39 South. 207; Dilburn, Adm'r, v. L. & N. R. R. Co., 156 Ala. 237, 47 South. 210; Southern Ry. Co. v. Morgan, supra. The conclusions before stated in dealing with the complaint and the affirmative charge justify the refusal of charge F.

[5] The appellant's objection to the statements by plaintiff's counsel in his argument to the jury, made the basis of the fourth assignment of error, is not affirmatively shown to have been made at the time the objectionable statement was made, and no corrective action of the court was invoked. On the authority of B. R., L. & P. Co. v. Gonzalez, 183 Ala. 285, 61 South. 80, Ann. Cas. 1916A, 543, we hold that the objection and exception disclosed by this record present nothing for review. From an examination of the oral charge of the court and the charges given at the instance of the defendant, it clearly appears that the issues as presented by the pleadings and proof were clearly defined and clearly presented to the jury. The evidence is in sharp conflict on the two material questions at issue, and after a careful examination of the evidence by the court en banc, we do not feel justified in holding that the verdict of the jury was contrary to the great weight of the evidence. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 South. 796.

[6] We are convinced, however, that the damages awarded are excessive in amount, and that the recovery should be reduced to the sum of $250. An order will therefore be entered directing the clerk to issue notice to the attorneys for appellee of this conclusion, and unless the appellee, through his attorneys, within 15 days after the service of such notice, shall file remittitur of $450 of the sum recovered by the judgment of the trial court, as authorized by the act approved September 17, 1915 (Acts 1915, p. 610), an order will be entered here granting the motion for new trial. Southern Express Co. v. Malone, 16 Ala. App. 414, 78 South. 408.

PER CURIAM. The appellee having filed in this court a remittitur of $450 of the sum recovered by the judgment of the trial court in pursuance to the former order of this court, thus reducing the amount of recovery to the sum of $250 as required by the order heretofore made, the judgment of the lower court for that amount is hereby affirmed.

Affirmed.