164 So. 903

**SMITH v. SOUTHERN RY. CO.**

2 Div. 69.

Supreme Court of Alabama.

Nov. 21, 1935.

Rehearing Denied Jan. 16, 1936.

Pettus & Fuller, of Selma, for appellee.

Geo. O. Miller and Ira D. Pruitt, both of Livingston, for appellant.

GARDNER, Justice.

Plaintiff, accompanied by her husband, was a passenger on defendant's train, en route from Akron to Wedgeworth, a flag station, and in count 7, upon which this

cause was tried, claims damages resulting from the "sudden jerking or stárting" of the train as she was alighting therefrom. There was no depot, but, according to her proof, a signboard with the name of the station indicated the place for passengers to disembark, and that she and her husband alighted from the train as it stopped at this particular location, which was the proper place for discharge of passengers.

Her proof further tended to show that no one called the station, but that she and her husband, discovering they had reached their destination, and familiar with the place for passengers to alight, proceeded with reasonable promptness to leave the train; the husband alighted, followed by plaintiff, and as she was on the steps the train whistle blew, the train starting with a sudden jerk. She was caught by her husband, who assisted her in alighting, but plaintiff insists she nevertheless suffered injuries from the sudden movement of the train.

■ It was, of course, the defendant's duty to stop the train long enough to give plaintiff a reasonable time in which to alight, as it is the duty of all common carriers to safely deliver their passengers at the station to which they have paid their fare, and their duty also includes the announcement of the arrival of the train at the station, with a reasonable opportunity to then leave the car. Central of Georgia Ry. Co. v. Carlisle, 2 Ala.App. 514, 56 So. 737; Southern Ry. Co. v. Hayne, 209 Ala. 186, 95 So. 879.

■ The following, among others of our authorities, sufficiently demonstrate, without further discussion, that plaintiff's proof made out a case of negligence for the jury's determination, and that reversible error was committed by the court in giving for the defendant the affirmative charge. Dilburn v. Louisville & Nashville R. R. Co., 156 Ala. 228, 47 So. 210; Louisville & Nashville R. R. Co. v. Dilburn, 178 Ala. 600, 59 So. 438.

■ Any other conclusion would be out of harmony with the high degree of care due by the carrier to the passenger. Indeed, as we read defendant's brief, the argument in support of the trial court's ruling rests in the main upon the contention that plaintiff, as a matter of law, was guilty of contributory negligence such as to bar a recovery. But the matter of contributory negligence depends upon varying circumstances, and the following cases suffice to show that this question also was one for the jury's determination: Dilburn v. Louisville & Nashville R. R. Co., supra; Central of Georgia Ry. Co. v. Williams, 17 Ala.App. 259, 84 So. 633; Louisville & Nashville R. R. Co. v. Dilburn, supra.

■ Count 8 was rested for its averment of negligence solely upon the absence of any agent or servant to aid plaintiff in alighting from the train. Our cases are to the effect that the law does not impose upon the carrier the duty of assisting passengers to alight from its cars. Central of Georgia Ry. Co. v. Carlisle, supra; Southern Ry. Co. v. Hayne, supra.

There are exceptions to this general rule, as noted in these authorities, but with them we are not here concerned, as no effort is made in this count to bring the case within the influence thereof. Demurrer was properly sustained to count 8.

For the error indicated, let the judgment stand reversed.

Reversed and remanded.

BOULDIN, BROWN, and FOSTER, JJ., concur.