(88 South. 355)

## PUTMAN v. WHITE. (8 Div. 659.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

**1. Negligence ⊜➝108(1) — Complaint held to charge negligence causing fire.**

A count of a complaint charging that defendant, who was in possession of adjacent lands, set fire to a tree in close proximity to plaintiff's barn, and fire was communicated to the barn to plaintiff's damage, is not subject to demurrer on the ground it fails to show the way in which the fire was communicated or any facts showing negligence or that defendant owed plaintiff any duty.

**2. Negligence ⊜➝112 — Complaint insufficient to charge wanton negligence causing fire.**

A count of a complaint charging that defendant, who was in possession of adjacent land, set fire to a tree in close proximity to plaintiff's barn, that fire was communicated to the barn, and that defendant wantonly allowed or permitted the fire to be communicated, is insufficient to charge wanton negligence, and is no more than a count in simple negligence.

**3. Negligence ⊜➝21 — One kindling fire must use reasonable care.**

One who sets out fire on his own premises is responsible for injuries and damages due to failure on his part to use prudence, reasonable care and caution in kindling the fire and keeping it from spreading on the land of another.

**4. Appeal and error ⊜➝1040(11)—Overruling demurrer to a count of a complaint harmless where other count was good.**

Where the first count of a complaint stated a cause of action for simple negligence in setting out fire, the overruling of demurrer to the second count which was not sufficient to charge willful or wanton negligence was harmless where the jury were in no wise charged as to punitive damages, etc.

**5. Evidence ⊜➝113(19) — Amount property was assessed for taxation inadmissible to prove market value of farm.**

In an action for damages for allowing fire to be communicated to his barn, it was proper to exclude on plaintiff's cross-examination a question whether his barn was assessed for taxation and how much.

**6. Negligence ⊜➝119(4)—Evidence as to danger from kindling fire inadmissible on issue of spread of fire.**

Where fire from a tree was communicated to plaintiff's barn, and there was no contention that the tree was negligently fired, the claim being that defendant allowed the fire to escape, a question whether plaintiff considered it dangerous to set fire to the tree was properly excluded.

**7. Evidence ⊜➝471(17) — Question calling for conclusion of witness properly excluded.**

In an action for damages for the firing of a barn which caught from a fire set out by defendant to burn a tree, question whether plaintiff considered it dangerous to set fire to the

tree which was in close proximity to the barn was properly excluded, calling for the conclusion of the witness.

**8. Evidence ⊜➝472(4) — Questions objectionable as calling for conclusion of witness.**

In an action for the firing of a barn which caught from a tree which defendant burned, it was proper to exclude questions whether a witness perceived the danger from the fire and stated to his wife that it was nothing more than he expected, and that the fire would burn the barn; for such questions called for the conclusion of witness on the real questions of fact in the case.

**9. Evidence ⊜➝317(8)—Declarations by third person as to how fire caught inadmissible.**

Declarations by third person as to how fire caught are hearsay and inadmissible.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action by W. L. White against Thomas Putman for damages for setting fire. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the complaint:

Count 1. Plaintiff claims of the defendant the sum of $550 damages, for this, that on the 4th day of March, 1918, and prior thereto, plaintiff was the owner of a farm in said Lauderdale county, on which was located a dwelling house and barn; that defendant was in possession of and cultivating other lands adjoining the lands of plaintiff on which said dwelling house and barn were located, and while in possession of said adjoining lands defendant set fire to a tree in close proximity to plaintiff's barn, and that fire was communicated from said tree to plaintiff's barn, and said barn, which was of the value of $550, and 25 bushels of corn contained in said barn, of the value of $50, were burned and totally destroyed. Plaintiff avers that defendant negligently allowed or permitted the fire to be communicated to plaintiff's said barn, and as a proximate result of such negligence plaintiff's barn was burned and he suffered the damage aforesaid.

Count 2. Plaintiff claims of the defendant the sum of $550 damage, for this, that on the 4th day of March, 1918, and prior thereto, plaintiff was the owner of a farm in said Lauderdale county, on which was located a dwelling house and barn; that defendant was in possession of and cultivating other lands adjoining the lands of plaintiff on which said dwelling house and barn were located, and while in possession of said adjoining lands defendant set fire to a tree in close proximity to plaintiff's barn, and that fire was communicated from said tree to plaintiff's barn, and which was of the value of $550, and 25 bushels of corn, contained in said barn, of the value of $50, were burned and totally destroyed. Plaintiff avers that defendant wantonly allowed or permitted the fire to be communicated to plaintiff's said barn, and as a proximate result of such negligence plaintiff's barn was burned and he suffered the damage aforesaid.

⊜➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The demurrers raised the proposition that the first count fails to show how or in what manner the fire was communicated or to show any facts or circumstances from which it can be inferred that defendant was negligent; it fails to show any duty owed to plaintiff or any breach thereof; any active agency on the part of the defendant with reference to the communication of the said fire or any facts or circumstances showing negligence or from which negligence can be inferred.

The demurrers to the second count rased the proposition that it does not charge wanton negligence or state any facts from which wanton negligence can be inferred.

Simpson & Simpson, of Florence, for appellant.

Counsel discuss the various assignments of error, but they cite no authority in support thereof.

A. A. Williams, of Florence, for appellee.

No brief came to the Reporter.

MERRITT, J. The complaint contained two counts, which will be set out in a report of the case.

[1] Count 1 was not subject to the demurrers assigned thereto. Ala. G. S. R. Co. v. Johnston, 128 Ala. 283, 29 South. 771; L. & N. R. R. v. Smith, 163 Ala. 141, 50 South. 241; Ala. G. S. R. R. v. Davenport, 195 Ala. 368, 70 South. 674; Tarrance v. Chapman, 196 Ala. 88, 71 South. 707.

[2] The averments of count 2 are not sufficient to constitute it a count in wanton negligence, and was subject to the demurrers assigned thereto. So. Ry. v. Weatherlow, 153 Ala. 171, 44 South. 1019; Ala. G. S. R. R. v. Smith, 191 Ala. 643, 68 South. 56. This was no more than a count in simple negligence.

[3] A person who sets out fire on his own premises is responsible for injury or damage due to failure on his part to use prudence, reasonable care, and caution in kindling the fire and in keeping it from spreading to the land of another. Edwards v. Massingill, 3 Ala. App. 406, 57 South. 400; McNally v. Colwell, 91 Mich. 527, 52 N. W. 70, 30 Am. St. Rep. 494; Hanlon v. Ingram, 1 Iowa, 108; Hewey v. Nourse, 54 Me. 256; Dewey v. Leonard, 14 Minn. 153 (Gil. 120); Johnson v. Barber, 5 Gilman (Ill.) 425, 50 Am. Dec. 416.

[4] The overruling, however, of the demurrers to count 2, appears not to have worked harm or injury to the appellant, for the trial court charged the jury that the defendant was required to exercise ordinary care and prudence in watching the barn, or in putting out the fire to prevent setting the barn on fire, and, in case they should find for the plaintiff, the measure of damages would be the reasonable and fair cash market value of the property destroyed from the testimony in the case. The jury was in no wise charged as to punitive damages.

[5] The evidence showed that the barn was burned on the 4th of March, 1918; that it together with other buildings was on a 60-acre tract of land owned by plaintiff. There was clearly no error in sustaining plaintiff's objection to the question on cross-examination "whether he assessed the place for taxation for the year 1917 and for what sum." This was not the proper way to prove the market value of the farm at the time it was burned, or at any other time.

[6, 7] On cross-examination a witness for plaintiff was asked "if he considered it a matter of danger to put fire to a tree at that distance from the barn." In the first place there was no contention that the tree was negligently fired, but that the negligence was occasioned, by allowing or permitting the fire from the tree to be communicated to the barn, and, furthermore, this called for a mere conclusion of the witness, and there was no error in sustaining the objection to the question.

[8] On timely objection the witness Newton was not permitted to answer the question as to whether he had perceived the danger from the fire when he was at home at 12 o'clock, the day of the burning, and if he had not at that time stated to his wife, that it was nothing more than he expected, that the fire would burn the barn.

This was clearly irrelevant testimony, and its introduction was properly refused.

[9] As to whether the barn caught from the tree, which was on fire, and, if so, was the defendant negligent in permitting the fire to be communicated, were the real questions of fact in the case, and to allow the defendant's witness Newton to give his belief about these facts, or draw his conclusion, was most certainly improper, and was properly disallowed, and this may be equally said as to the testimony of the witness Tate sought to be introduced by the defendant. Any declaration made by the witness Mrs. Newton as to how she said the fire caught was hearsay and illegal.

All assignments of error having been considered by the court, and no reversible error appearing, the judgment appealed from is affirmed.

Affirmed.