## SMITH v. BUGG. (7 Div. 463.)

(Supreme Court of Alabama. May 22, 1924.)

I. **Evidence** ☞123(12)—**Statements of employees after accident held inadmissible.** ·

Statements of employees of railroad several days after plaintiff's hog was killed on track formed no part of res gestæ, and were incompetent against railroad.

2. **Negligence** ☞56(I)—**Must be proximate cause of injury.**

Any omission of duty or negligent conduct to be available to plaintiff must be proximate cause of injury.

.3. **Railroads** ☞443(I)—**Finding of no negligence in killing hog sustained.**

Finding that railroad was not negligent in killing a hog on its track *held* sustained by evidence.

·4. **New trial** ☞102(I)—**Diligence must be shown to discover newly discovered evidence.**

One seeking new trial on ground of newly discovered evidence must show diligence.

Appeal from Circuit Court, Clay County; George F. Smoot, Judge.

Action by W. B. Smith against B. L. Bugg, ·as receiver of the Atlanta, Birmingham & Atlantic Railway Company, for damages for the killing of a hog. Judgment for defendant, and plaintiff appeals. Transferred from ·Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Walter S. Smith, of Lineville, for appellant,

The burden of proof is on a railroad company to show compliance with the require-ment of the statute and that there was no negligence on its part. Code 1907, § 5476; Lamb v. Floyd, 148 Ga. 357, 96 S. E. 877, 1 A. L. R. 1172; S. A. L. v. Emfinger, 201 Ala. 121, 77 South. 417. Newly discovered evidence, which could not with reasonable diligence have been produced at the trial, is ground for a new trial. 29 Cyc. 881; Cox v. Mobile R. Co., 44 Ala. 611.

Pruet & Glass, of Ashland, for appellee.

No brief reached the Reporter.

GARDNER, J. Appellant's hog was killed by one of the trains operated by appellee, and this suit was brought to recover damages therefor. The cause was tried upon oral testimony before the court without a jury, resulting in a judgment for defendant, from which the plaintiff has prosecuted this appeal.

[1] The evidence for plaintiff showed the hog was killed by defendant's train, but no circumstances were established. Plaintiff . offered to prove what the conductor stated to him several days subsequent in regard to the accident, and also what another employé of defendant stated to one Austin some time subsequent thereto, but such statements formed no part of the res gestæ, and were declarations of agents merely, narrative of a past transaction, and therefore incompetent against the principal. The objection to this proof was properly sustained. Bk. of Phœnix City v. Taylor, 196 Ala. 666, 72 South. 264.

[2] Any omission of duty or negligent conduct, to be available to the plaintiff, must, of course, be the proximate cause of the injury. N. C. & St. L. Ry. v. Jones, 209 Ala. 250, 96 South. 79.

[3] Without entering into a discussion or analysis of the evidence, we think the evidence for defendant was sufficient to justify the trial court in finding that there was no negligence in failing to discover the hog earlier, and that after discovery, and when the hog ran upon the track, the engineer did all possible to avoid the injury. True, the engineer states he was traveling 15 or 20 miles per hour, and that it was within the incorporate limits of Lineville, Ala., but he further states it was "open country" there, and it is not made to appear that such speed was contrary to law, and, clearly, the court could find in any event such was not the proximate cause of the accident. This latter observation is likewise applicable to the insistence that it was not testified that the bell was rung and the whistle blown at short intervals, as, indeed, the whistle was blown near this hog, and the evidence tends to show it became frightened thereat and ran across or upon the track.

[4] The motion for new trial upon the ground of newly discovered evidence was

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

overruled, and properly so. The proper degree of diligence on plaintiff's part to discover this testimony before the trial was not shown.

The few remaining questions have been considered, but are not of sufficient importance to call for discussion, and they very clearly present no reversible error.

Finding no reversible error in the record, the judgment will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.