(108 So. 600)

**RUFFIN COAL & TRANSFER CO. v. RICH.**
**(6 Div. 625.)**

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

1. **Pleading ⬅➡42—Objection to complaint for defect of form cannot be allowed, if facts are so presented that adverse party can take material issue in law or fact (Code 1923, § 9457).**

Under Code 1923, § 9457, no objection to complaint for defect of form can be allowed, if facts are so presented that material issue in law or fact can be taken thereon by adverse party.

2. **Automobiles ⬅➡238(2)—Complaint, averring automobile collision on named avenue, near named street, on date stated, held to show time and place with sufficient certainty.**

Complaint, averring that defendant, by its agent, was operating truck, and that plaintiff was riding in automobile "on Second avenue, at or near Fourth street, in the city of Birmingham, Jefferson county, Ala.," on November 2, 1923, averred time and place of collision between them with sufficient certainty and definiteness to put defendant on notice.

3. **Municipal corporations ⬅➡646.**

Avenue or street in city is public highway.

4. **Automobiles ⬅➡238(2)—Complaint, averring automobile collision on named avenue, held to show accident was on public highway.**

Complaint, averring that plaintiff was riding in automobile, and that defendant, by its agent or servant, was operating an automobile truck "along Second avenue, in the city of Birmingham," at time of collision, sufficiently showed that accident happened on public highway, and hence that neither party was a trespasser.

5. **Automobiles ⬅➡146.**

It was duty of plaintiff riding in automobile and defendant's servant driving motor truck along avenue in city not to negligently injure each other.

6. **Automobiles ⬅➡238(2)—Complaint, averring injury by negligent operation of motor truck on city avenue, held to show duty and breach thereof.**

Complaint, averring that plaintiff's injuries were caused by negligent operation of motor truck along certain city avenue by defendant's servant, in that he allowed it to run onto or against automobile, in which plaintiff rode, sufficiently averred duty to plaintiff from defendant and negligent breach thereof.

**7. Automobiles ⬦238(2)—Complaint must aver injury by negligent breach of duty to state cause of action against one operating motor truck.**

To state cause of action for negligent breach of duty to one riding in automobile by one operating motor truck, complaint must aver injury to former in consequence of such breach.

**8. Automobiles ⬦238(8)—Complaint must show negligent operation of motor truck was proximate cause of injury to passenger in automobile thrown in front of street car.**

Corporation's negligent operation of motor truck by its servant must be proximate cause of injury to one riding in automobile, knocked in front of approaching street car by truck, to be available to person injured, and it must so appear in latter's complaint.

**9. Pleading ⬦34(1)—Count in complaint, though construed most strongly against plaintiff, should be construed as whole, and words given reasonable construction.**

While count in complaint demurred to should be construed most strongly against plaintiff, it should be construed as whole, and words used should receive reasonable construction.

**10. Automobiles ⬦238(8)—Complaint held to aver automobile truck driver's negligent breach of duty causing injury to passenger in automobile thrown in front of street car.**

Count of complaint averring that defendant, by its servant, while operating automobile truck, caused it to run onto, against, or strike, automobile in which plaintiff rode, knocking it in front of approaching street car, by which it was struck, and that plaintiff was injured as proximate consequence thereof, etc., averred facts showing duty from defendant to plaintiff, breach thereof by defendant, and consequent injury to plaintiff, and hence stated cause of action.

**11. Automobiles ⬦243(1)—Testimony as to value of automobile in which plaintiff was riding held inadmissible, as not in issue.**

In action for injuries to one riding in another's automobile in consequence of collision with defendant's truck, objection to question whether witness, who had testified as to what automobile of such model in good condition was worth, would have given that much for it before wreck, was properly sustained; no damage being claimed for injury to automobile, value of which was not in issue.

**12. Evidence ⬦471(20).**

Direct testimony as to market value is in nature of opinion evidence.

**13. Evidence ⬦474(19)—One not expert or dealer in article may testify as to its value, if he has had opportunity to form correct opinion (Code 1923, § 7656).**

Under Code 1923, § 7656, one may testify as to value of article, though not an expert or dealer therein, if he has had opportunity to form correct opinion.

**14. Evidence ⬦121(12)—Testimony that truck went out of sight and kept on going after collision with automobile held admissible as res gestæ and bearing on issue whether driver was negligent or ignorant of collision.**

In action for injuries to one riding in automobile, knocked by defendant's truck in front of street car, by which it was struck, testimony that truck "went out of sight, it kept on going," etc., after crash, held admissible as res gestæ and as bearing on issue whether driver was guilty of negligence charged or knew nothing of collision.

**15. Appeal and error ⬦1050(1)—Defendant cannot complain of testimony as to matter concerning which plaintiff and same witness had already testified without objection (Code 1923, § 3325).**

Where plaintiff and another testified without objection that driver of defendant's truck, after striking automobile in which plaintiff rode, kept going and did not stop until some one stopped him, and that truck, when such other saw it after accident, was going down street with another after it, defendant could not complain of latter witness' subsequent testimony that it went out of sight and kept on going after accident, in view of Code 1923, § 3325.

**16. Trial ⬦260(1)—Refusal of defendant's charge, covered by court's general charge and defendant's given charges, is not error (Code 1923, § 9509).**

Refusal of defendant's charge, stating rule substantially and fairly given in court's general charge and defendant's given charges, is not error, in view of Code 1923, § 9509.

**17. Automobiles ⬦246(12)—Instruction held properly refused as misleading in failing to set out care required of passenger in automobile struck by truck, and not defining "negligently failed."**

In action for injuries to one riding in automobile struck by street car, in front of which it was knocked by defendant's truck, charge to find for defendant if plaintiff negligently failed to take steps to abate dangerous speed and manner of operating automobile, and thereby proximately contributed to cause collision, was properly refused as misleading in failing to set out action required, and not defining "negligently failed."

**18. Negligence ⬦136(9)—Negligence is question of law only when all reasonable men must draw same conclusion from facts.**

Negligence alleged to be proximate cause of injury is question of law for court only when reasonable men must draw same conclusion from facts, and general affirmative charge with hypothesis should not be given for defendant, when there is slightest evidence tending to prove right of recovery; scintilla of evidence rule prevailing in Alabama.

**19. Automobiles ⬦245(2, 13)—Negligence of truck driver and contributory negligence of passenger in automobile thrown in front of street car held for jury.**

Defendant's negligence and plaintiff's contributory negligence held for jury on conflicting evidence, in action for injuries to one riding in

automobile struck by street car, in front of which it was knocked by defendant's truck.

**20. Automobiles ⬳244(2)—Evidence held to sustain recovery for injuries to passenger in automobile thrown in front of street car by defendant's truck.**

Evidence *held* sufficient to sustain verdict for plaintiff, in action for injuries in collision of automobile in which she was riding with street car, in front of which it was knocked by defendant's truck.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Lucile Rich, by her next friend, L. E. Rich, against the Ruffin Coal & Transfer Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

Charge 7, refused to defendant, is as follows:

"(7) If you find, from the evidence in this case, that the plaintiff, her brother, and other young friends were traveling over a public highway in the city of Birmingham, in her father's automobile, which her said brother was driving, and further find from the evidence that her said brother, prior to and at the time of the collision complained of, was operating said automobile in the manner and at a speed that was highly dangerous, and that plaintiff knew this for a sufficient time to have done so, and negligently failed to take steps to abate said speed and manner of operating said automobile, and you further find that plaintiff's failure in this respect, proximately contributed to cause the collision complained of, then I charge you that she would not be entitled to recover, and your verdict should be for the defendant."

Huey & Welch, of Bessemer, for appellant.

Demurrer to the complaint should have been sustained. B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; A. G. S. v. Sheffield, 211 Ala. 250, 100 So. 125; W. of A. v. Turner, 170 Ala. 643, 54 So. 527; Code 1923, §§ 6264-6267; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Crowley v. West End, 149 Ala. 613, 43 So. 359, 10 L. R. A. (N. S.) 801; M. & O. v. Christian, 146 Ala. 404, 41 So. 17; Woodward Iron Co. v. Thompson, 205 Ala. 490, 88 So. 438. The affirmative charge for defendant should have been given. B. R., L. & P. Co. v. Barranco, 203 Ala. 639, 84 So. 839; Morrison v. Clark, 196 Ala. 670, 72 So. 305; Overton v. Bush, 2 Ala. App. 623, 56 So. 852; Crescent Motor Co. v. Stone, 208 Ala. 137, 94 So. 78. Requested charge 7 is a correct statement of the law. Hines v. Johnson (C. C. A.) 264 F. 465; Brommer v. P. R. R., 179 F. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924. Defendant should have been permitted to ask witness Greenberg what he would have paid for the automobile before the wreck. The distance the truck ran after the collision was

incompetent evidence. Teague v. Ala. Coca Cola Co., 209 Ala. 205, 95 So. 883; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Babbett's Motor Vehicle Law (2d Ed.) §§ 1601, 1674; Minor v. Stevens, 65 Wash. 423, 118 P. 313, 42 L. R. A. (N. S.) 1178.

Bumgardner & Wilson, of Bessemer, for appellee.

The complaint was sufficient. W. Ry. of A. v. Stone, 145 Ala. 663, 39 So. 723; B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; W. Ry. of A. v. Mitchell, 148 Ala. 35, 41 So. 427; Pizitz v. Cusimano, 206 Ala. 689, 91 So. 779; B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013. The question of negligence was for the jury. Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77; Birmingham Sou. v. Harrison, 203 Ala. 284, 82 So. 534; Dye-Washburn v. Aldridge, 207 Ala. 471, 93 So. 512; A. G. S. R. Co. v. Arnold, 80 Ala. 600, 2 So. 337; L. & N. R. Co. v. Quick, 125 Ala. 553, 28 So. 14. Error will not be predicated upon the refusal of charges covered by the oral charge. Eggleston v. Wilson, 211 Ala. 140, 100 So. 89; A. G. S. R. Co. v. Ensley, 211 Ala. 298, 100 So. 342. In proving value, it is not proper to ask a witness what he would have given for the property. Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749.

MILLER, J. This is a suit by Lucile Rich, a minor 20 years of age, by her next friend, L. E. Rich, against the Ruffin Coal & Transfer Company, a corporation, to recover damages for personal injuries sustained by her, alleged to have been caused by a truck, which was being operated by an agent or servant of the defendant, striking the automobile in which she was riding and knocking or pushing it in front of an approaching street car, by which it was struck. There was only one count in the complaint. It was amended by the plaintiff. Demurrers to it were overruled by the court. The defendant pleaded in short by consent general issue, contributory negligence, and assumption of risk, with leave to give in evidence any defense matter as if well pleaded with leave to plaintiff to give in evidence any matter, which, if well pleaded, would be admissible in reply to the defensive matter. The cause was tried by a jury. They returned a verdict in favor of the plaintiff, and from a judgment of the court thereon, this appeal is prosecuted by the defendant.

[1] Was the complaint, containing one count as it was amended, subject to the demurrers of the defendant? No objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon. Section 9457, Code of 1923.

[2] The complaint, as amended, avers the time as, to wit, November 2, 1923, and the

place of the occurrence of the injury in the following words:

"Along Second avenue, at or near Fourth street, in the city of Birmingham, Jefferson county, Ala."

The defendant, by its agent or servant, was operating a truck there, and plaintiff was riding in an automobile there at the time of the injury, as appears from this amended complaint. The time and place of the occurrence are averred with sufficient certainty and definiteness to put the defendant on notice thereof. B. R. L. & P. Co. v. Moore, 148 Ala. 115, headnote 2, 42 So. 1024; Western Ry. of Ala. v. Mitchell, 148 Ala. 35, 41 So. 427.

[3-5] It avers plaintiff was riding in an automobile, "and defendant, by its agent or servant, was operating an automobile truck along Second avenue, * * * in city of Birmingham." An avenue or street in a city is a public highway. Forgy v. Rutledge, 167 Ky. 182, 180 S. W. 90; B. R. L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013. It sufficiently appears that the accident happened upon an avenue in the city of Birmingham, and neither plaintiff nor defendant was a trespasser, and each had a right to be there. It was the duty of each not to negligently injure the other as they used the avenue. B. R. L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; Louis Pizitz D. G. Co. v. Cusimano, 206 Ala. 689, 91 So. 779.

[6] It thus appears the complaint by facts shows a duty owing plaintiff by defendant. It avers that the injuries were caused by defendant, its agent or servants, by the negligent manner in which the defendant's agent, servant, or employé, while acting in the line and scope of his employment, operated said automobile truck on the occasion aforesaid, in this, that defendant's said agent or servant negligently caused its automobile truck to run upon or against the automobile in which plaintiff was riding. This sufficiently avers a negligent breach of the duty owed defendant by plaintiff on this avenue. 10 Michie Dig. p. 594, § 53; Tenn. Coal, Iron & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170.

[7-9] This complaint, to state a cause of action, must also aver an injury to plaintiff in consequence of the negligent breach of that duty. The negligent conduct of the defendant by its agent or servant, to be available to the plaintiff, must be the proximate cause of the injury, and it must so appear in the complaint. N. C. & St. L. Ry. Co. v. Jones, 209 Ala. 250, 96 So. 79; Smith v. Bugg, 211 Ala. 341, 100 So. 503. While a count in a complaint under demurrer should be construed most strongly against the plaintiff, still the count should be construed as a whole and the words used should receive a reasonable construction. Street v. Treadwell, 203 Ala. 68, 82 So. 28; Slight v. Frix, 165 Ala. 230, 51 So. 601.

[10] This complaint avers that—

Defendant, by its servant, "while operating said automobile truck as aforesaid, caused it to run onto, against, or strike, the automobile in which plaintiff was riding, knocking or pushing it in front of an approaching street car, by which it was struck, and as a proximate consequence thereof plaintiff was injured as follows: [then follows a description of the personal injuries]."

This count also alleges that—

"Her injuries complained of were the proximate result of the negligent manner in which defendant's agent, * * * while acting in the line and scope of his employment, operated said automobile truck on the occasion aforesaid."

And the count then alleges the negligent act of the defendant was in negligently causing "its automobile truck to run upon or against the automobile in which plaintiff was riding." The complaint alleges the defendant caused its truck to strike the automobile in which she was riding and knock it in front of an approaching street car, by which it was struck. It appears from these averments that the knocking by the truck of the automobile in front of the approaching street car and the striking of the automobile by the street car were practically one continuous act, inflicting plaintiff's injuries as a proximate result of the truck striking the automobile. It states it was knocked "in front of an approaching street car." An approaching street car is one coming near to, in point of time and place, and the automobile in front of it was the place it was near and toward which it was coming; and the automobile was there at that time and at that place by a push or knock of the truck of the defendant.

This count, when considered as a whole, avers facts showing a duty owing by defendant to plaintiff, a breach of that duty by the defendant, and an injury to plaintiff in consequence of the breach of that duty. 10 Michie Dig. 594 § 53, and authorities supra. It results that this count, as amended, states a cause of action against the defendant, and the court did not err in overruling the demurrer of the defendant to it. Authorities supra.

The plaintiff, her brother, and three others were in her father's car going to a football game. Her brother was driving the car. There was another car driven by Burgess with a Miss Walker with him going to the ball game. This car with plaintiff, the Burgess car, and the truck of defendant were all running in the same direction on Second avenue in the city of Birmingham. The truck driven by an agent of the defendant, was in the lead, the Burgess car was in its rear, and it was followed by the car with plaintiff, which was about 15 feet in the rear of the Burgess car. There are two tracks there for street cars in this avenue. A street

car at this time was coming, meeting and in sight of the three motorcars. The Burgess car blew its horn, signaling to pass the truck, the truck bore to the curb on its right, and the Burgess car passed it on the left in safety. The car with plaintiff then signaled to pass the truck. In passing it the truck turned to the left, struck the automobile, and knocked it about 15 feet·across the street in front of the approaching street car, which was only a few feet then from it. There was a collision between them, and the automobile was demolished, and plaintiff injured. There was evidence tending to show that the truck was bearing to the right and this automobile in passing struck it, then hastily and with great speed turned to the left across the street, ran into the street car, was demolished, and plaintiff was injured; that the truck driver did not hear the signal to pass given by the driver of the car occupied by plaintiff. The plaintiff testified:

"The truck was also coming toward town and was on the right-hand side over toward the curb. My brother blew the horn, gave him the signal that we were passing, and as we went almost past him he cut into us and hit our wheel and knocked us over on the street car track. The street car by that time was near enough to where they hit us coming from the front of the street car; they hit us."

This is the tendency of some, but not of all the evidence.

[11] Mr. Greenburg, witness for the plaintiff, on cross-examination, testified, without objection that—

"A car of that model in good condition I presume would probably be worth around $400 or $500, more or less."

The defendant then asked him, and the court, on objection of plaintiff, would not permit him to answer the following question: "Would you have given that much for it before the wreck?" In this ruling the court did not err. The witness stated immediately: "I do not buy and sell used cars."

[12, 13] This car did not belong to the plaintiff; no damage was claimed in this suit for injury to it. Its value before and after the injury to it were not in issue. Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion. Section 7656, Code of 1923, and authorities there cited. See, also, Town of Vernon v. Wedgeworth, 148 Ala. 490, headnote 9, 42 So. 749.

[14, 15] Burgess, witness for the plaintiff, was asked these questions by plaintiff over objection and exception of defendant:

"How far did the Ruffin Coal & Transfer Company truck run after the crash; how far did it run from the place where the accident happened? Now tell the jury how far this Ruffin Coal & Transfer Company truck run after the accident happened."

Witness answered:

"It went out of sight; it kept on going; the last I seen of it, it was going over the hill."

This evidence was a part of the res gestæ. It was admissible as circumstance to be considered by the jury as to whether the defendant, by its servant, was guilty of negligence as charged in the count, or whether he was ignorant and knew nothing of the collision of the truck and car, as testified to by him. Then the defendant cannot complain at this testimony and ruling of the court because the plaintiff without objection on cross-examination by it had testified that—

"The truck kept going; he didn't stop. I saw him. He kept driving on up the avenue until somebody stopped him and made him come back."

And then this witness (Burgess), without objection, had already testified as follows:

"I saw the truck after the accident; it was then going down the street. He was going over the hill the last I seen of him; that is, going over the rise in the street, and a fellow in a Ford truck went after him." Section 3325, Criminal Code 1923.

[16, 17] The court did not err in refusing to give written charge No. 7, requested by the defendant. The same rule of law attempted to be stated therein was substantially and fairly given to the jury in the court's general charge and in written charges 8, 21, and 22, asked by the defendant, and given by the court. Section 9509, Code of 1923. Then this charge should not have been given for this and probably other reasons, because it contained these words:

And if plaintiff "negligently failed to take steps to abate said speed and manner of operating said automobile."

It was misleading, as it fails to set out what action would be required by plaintiff to acquit herself of contributory negligence, and does not define, but leaves for the jury to decide what the words "negligently failed" mean.

[18] The defendant requested, and the court refused to give in its favor, the general affirmative charge with hypothesis. It was in writing. In Vaughn v. Dwight, 206 Ala. 555, 91 So. 77, in discussing when such a charge should be given where negligence is alleged to be the proximate cause of the injury, this court stated:

"Concisely stated, the question is one of law for the court only when the facts are such that all reasonable men must draw the same conclusion from them, and for the jury when the state of facts is such that reasonable minds may fairly differ upon the question whether there was negligence or not."

Such a charge should not be given for the defendant when there is the slightest evidence in the case tending to prove a right

of recovery by the plaintiff. The scintilla of evidence rule prevails in this state. Penticost v. Massey, 201 Ala. 261, 77 So. 675; Brown v. Mobile Elec. Co., 207 Ala. 61, headnote 8, 91 So. 802.

[19] The evidence is in conflict by positive proof, or by reasonable inferences to be drawn from facts in evidence on the issue presented by the complaint, and by the contributory negligence plea. There is a striking conflict in the testimony on these issues. The court properly submitted the questions in issue to the jury under the conflicting testimony thereon and properly refused the general affirmative charge in its favor, requested by the defendant. A recital in this opinion of the entire or other evidence showing the material conflict thereof on the issues involved is not necessary, nor is it required by the statute, and it would unduly lengthen this opinion.

[20] The defendant made, and the court overruled, a motion for new trial. Appellant claims the verdict of the jury was contrary to the great weight of the evidence and that it was contrary to the law as given them by the court. In this ruling we must sustain the trial court. The verdict was not contrary to the law as given the jury by the court, and it was not contrary to the great weight of the evidence. There is ample evidence to support and authorize the verdict of the jury, and the verdict is sustained by the weight of the evidence.

There is no reversible error, if error at all, in the record, and the judgment is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.