38 So.2d 867

### DAVIS v. RADNEY.
#### 5 Div. 454.

Supreme Court of Alabama.

Feb. 17, 1949.

630

Wilbanks & Wilbanks, of Alexander City, for appellant.

Sam W. Oliver, of Dadeville, for appellee.

STAKELY, Justice.

This is a suit brought by W. H. Davis against J. M. Radney to recover damages arising out of a collision between the car of the plaintiff, which the plaintiff was driving, and the car of the defendant which the defendant was driving. The accident happened on July 26, 1947, on Highway No. 22 about three miles southwest of Alexander City. The two cars, both with lights burning, met at dusk and collided near the center of the highway. The plaintiff's car was travelling west while the defendant's car was travelling east. The highway is a blacktop highway about 20 feet and 4 inches wide. It had no mark down the center. Tendencies of the evidence showed that plaintiff's car was traveling 30 to 35 miles per hour while defendant's car was travelling at a rate of 35 miles per hour. Tendencies of the evidence further showed that plaintiff's car travelled 300 to 400 feet after the impact and was stopped by a concrete retaining wall on the side of the highway. However, its left front wheel was demolished and its brakes put out of business. Tendencies of the evidence further showed that defendant's car travelled 50 to 60 feet after the impact and stopped on the highway. Both cars were damaged and plaintiff claimed to have received personal injuries. Seven persons were in plaintiff's car and four in defendant's car. The jury found for the defendant and the plaintiff's motion for a new trial was overruled.

I. It is insisted that the court erred in overruling the motion for a new trial because the verdict of the jury and the judgment entered thereon were contrary to the great weight of the evidence. It is not practicable to set out all the details of the evidence, but we have considered the evidence with great care. We cannot agree with the contention. The case presents a situation where two cars sideswiped at or near the center of the highway. As to which car was off its side of the highway was a disputed issue of fact. Under the evidence the case was clearly for the jury. In fact the verdict is well supported by the evidence. Certainly the preponderance of the evidence was not so decidedly against the verdict as to convince us that it was wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799.

II. On cross-examination of Eddie Funderberg, witness for plaintiff, de-

fendant was allowed over plaintiff's objection, to show the injuries to the defendant's car. According to the witness he fixed the fender and the door. This evidence was competent to show the nature of the impact. Besides the range of cross-examination rests largely in the trial court's discretion and its ruling thereon will not be revised unless prejudicial error is clearly made to appear. Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186.

III. W. A. Jones, state highway patrolman, witness for defendant, was allowed to testify over objection of plaintiff, as to measurements he made at the scene of the accident from the point of impact between the two cars and the ultimate resting point of the two cars. The objection was on the ground that it was not shown that the two cars were in the same position when the measurements were made as when the accident occurred. There is no merit in this contention. The plaintiff had previously testified that Mr. Jones and Mr. Posey, highway patrolmen, came to the scene of the accident at about 20 to 30 minutes after the accident and neither car had then been moved. Other witnesses testified to the same effect. Besides in McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291, 293, this court said, "The evidence of plaintiff's witness Evans, to the effect that immediately after the accident he saw the tracks of the vehicles on the highway and the truck tracks were about in the center of the road, was properly admitted. If anything had intervened to obscure or prevent discovery of the location of the tracks of the truck, this was matter for cross-examination, or opposing evidence."

IV. It is claimed that the court was in error in refusing to allow the plaintiff to prove that about ten to fifteen minutes after the accident, the defendant had two cases of beer removed from the trunk of his car. Of course the issue in the case was the negligence vel non of the defendant in the operation of his car when the collision occurred and if at that time the defendant was intoxicated, proof of intoxi-cation would be material. Wise v. Schneider, 205 Ala. 537, 88 So. 662.

It was pointed out by this court in Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63, that one method of proving intoxication is proof of circumstances which taken together are relevant to show intoxication. Before, therefore, passing on the question under consideration, it is well to review pertinent features of evidence. On direct examination the plaintiff was asked about the defendant's condition and he testified that he didn't know, that Mr. Radney was just standing there. He was further asked if Mr. Radney appeared to be drinking and he testified that he didn't notice. The son of plaintiff, W. H. Davis, Jr., also testified that he did not know the defendant's condition. Walter Stone, J. M. Simpson, Leonard F. Hodge all testified that the defendant was sober at the time of the accident and had not been drinking before the accident. W. A. Jones, state highway patrolman, testified that the defendant was sober and gave no sign of drinking. The only testimony of a contrary nature was the testimony of R. M. Meadows, who testified, "He was drinking; I smelled whiskey." But when asked if the defendant acted like he was drunk he answered, "I don't know."

It is evident that the foregoing fails to show intoxication on the part of the defendant. There was no proof of intoxicants in the part of the car in which defendant and his guests were riding. Proof of the presence of two cases of beer presumably unopened in the trunk part of the car would not be sufficient, if added to the evidence, to show intoxication on the part of the defendant. Accordingly the ruling, even if erroneous, was harmless. Southern Natural Gas Co. v. Davidson, supra.

The judgment of the lower court is due to be affirmed.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.