98 So.2d 44

**W. C. KINGRY**

v.

**Myrtle McCARDLE.**

**4 Div. 857.**

Supreme Court of Alabama.

Oct. 31, 1957.

L. A. Farmer, Jr., and L. A. Farmer, Dothan, for appellant.

W. G. Hardwick, Dothan, for appellee.

LIVINGSTON, Chief Justice.

This is an action to recover damages for personal injuries received in an automobile collision. The defendant filed pleas of contributory negligence and recoupment, and sought to recover for damages sustained in the same automobile collision. The suit, tried before the Circuit Court of Houston County, Alabama, resulted in a general verdict for the plaintiff and damages were awarded in the sum of $8,500. From this judgment, the defendant has now duly appealed.

The complaint, consisting of two counts, is in pertinent part, as follows:

Count 1. "The Plaintiff claims of the Defendant Twenty Thousand & 00/100 ($20,000.00) Dollars, damages for that heretofore, to wit, on July 10, 1954, the Defendant was driving an automobile upon a public highway, in Houston County, Alabama, leading from Taylor to Rehobeth and at a point on said highway about 1 mile south of Taylor the Defendant so negligently operated said automobile then and there that as a proximate result and consequence thereof, he ran the same upon and against a pick up truck in which the Plaintiff was riding and inflicted injuries upon her in this * *.

Count 2. "The Plaintiff claims of the Defendant Twenty Thousand & 00/100 ($20,000.00) Dollars, as damages for that heretofore on, to-wit, July 10, 1954, in Houston County, Alabama, the Plaintiff was riding in a pick up truck upon a public highway leading from Taylor, Alabama, to Rehobeth, Alabama, at a point approximately 1 mile south of Taylor, Alabama, and then and there the Defendant wilfully or wantonly ran an automobile into, upon or against the pick up truck in which the Plaintiff was riding, and thereby and as a proximate consequence thereof the Plaintiff received personal injuries in this, to-wit * * *."

The appellant's assignments of error (1) and (2) are predicated on the overruling of the demurrers to Counts 1 and 2.

It is argued by the appellant that Count 1 of the complaint, attempting to aver simple negligence, is defective because it fails to show that there was a duty owed by the appellant to the appellee. His contention is that "then and there" as used in Count 1 characterizes the act of negligence, and not that the accident occurred upon a public highway. It is his insistence that there is no allegation that the plaintiff was on the public highway at the time of the collision.

Though it is undoubtedly true that pleading is to be construed most strongly against the pleader, there should not be a strained and unnatural construction of the language used. The count as a whole should be considered, and the words used should be given a reasonable construction. Ruffin Coal & Transfer Co.

v. Rich, 214 Ala. 622, 108 So. 600; Louisville & N. R. Co. v. Cunningham Hardware Co., 213 Ala. 252, 104 So. 433; Street v. Treadwell, 203 Ala. 68, 82 So. 28; Slight v. Frix, 165 Ala. 230, 51 So. 601.

It was alleged that the appellant was "driving an automobile upon the public highway," and there was a sufficient averment in Count 1 to show that the collision had taken place upon the highway. That is a sufficient allegation to show that the appellee was not a trespasser, and was at a place where the appellant owed him a duty. Ruffin Coal & Transfer Co. v. Rich, supra; Tillery v. Walker, 216 Ala. 676, 114 So. 137; Plylar v. Jones, 207 Ala. 372, 92 So. 445. "The substantive law of torts in this state would subject a defendant to liability if by his simple negligence he injures anyone * * * when on a public highway * *." Alabama Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541, 542.

From the view we take of the case, it will not be necessary to consider if the overruling of appellant's demurrer to Count (2), which charged the defendant with willful and wanton conduct, was erroneous. The appellant has also assigned as error the failure of the trial judge to give the affirmative charge in favor of the appellant under Count (2) of the complaint.

An examination of the evidence presented in the case clearly reveals that there was insufficient evidence to support Count (2) of the complaint, and to that extent the appellant was entitled to the affirmative charge.

Admitting that the overruling of the demurrer to Count (2), and the failure to give the affirmative charge to such count of the complaint was error, the crucial problem remains: Were these reversible errors, or errors without injury?

There were no written charges given to the jury, and an examination of the court's oral charge reveals that they were in no way instructed as to willful or wanton conduct, or as to the damages arising from such conduct.

In the case of Putman v. White, 18 Ala. App. 15, 88 So. 355, 357, as in this case, there was one count charging simple negligence, and a second count charging willful or wanton misconduct. The demurrer to the second count charging willful or wanton misconduct was erroneously overruled. The court in holding that it was error without injury stated:

"The overruling, however, of the demurrers to count 2, appears not to have worked harm or injury to the appellant, for the trial court charged the jury that the defendant was required to exercise ordinary care and prudence in watching the barn, or in putting out the fire to prevent setting the barn on fire, and, in case they should find for the plaintiff, the measure of damages would be the reasonable and fair cash market value of the property destroyed from the testimony in the case. The jury was in no wise charged as to punitive damages."

In the instant case, as the jury was in no way charged as to Count 2 of the complaint, there being no instructions as to wanton conduct or punitive damages, the rulings of the trial court, though error, were error without injury. Putman v. White, supra; Alabama City, G. & A. Ry. Co. v. Lee, 200 Ala. 550, 76 So. 908; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

There is a distinction between the case at bar and such cases as Jordan v. Henderson, 258 Ala. 419, 421, 63 So.2d 379, 381, which states that:

"The doctrine of error without injury cannot be applied to the refusal of a charge denying the plaintiff's right to recovery under one of the counts of the complaint which was not supported by any evidence, merely because there was evidence tending to support

the other count, and the verdict of the jury was probably founded on them. Louisville & Nashville R. Co. v. Davis, 91 Ala. 487, 8 So. 552; Corona Coal Co. v. Davis, 208 Ala. 358, 94 So. 532; Jones v. State, 236 Ala. 30, 182 So. 404; Jackson v. State, 249 Ala. 348, 31 So.2d 519. * * *"

In the Jordan case, supra, the counts which were not supported by the evidence were submitted to the jury and the trial court charged with reference to them.

In the instant case, the count (wanton) which was not supported by the evidence was not submitted to the jury but was in effect excluded from the jury's consideration by the trial court when he, in effect, charged that the issue for determination was the negligence, vel non, of the defendant. This situation clearly showed that the error in refusing the affirmative charge on said count was harmless.

The appellant, under Assignments of Error 7 and 8, contends that the trial court committed error by overruling timely objections to questions propounded to witnesses by counsel for plaintiff in attempting to determine if they "smelled anything on him (the defendant)." Both witnesses testified they smelled liquor on him.

■ It is common knowledge that a person under the influence of alcohol is usually unfit to operate a motor vehicle. Wigginton's Adm'r v. Rickert, 186 Ky. 650, 217 S.W. 933. For this reason, a general charge of negligence is broad enough to include negligence in driving while intoxicated. Wise v. Schneider, 205 Ala. 537, 88 So. 662. Therefore, evidence tending to show intoxication while operating an automotive vehicle is admissible on the issue of negligence. Davis v. Radney, 251 Ala. 629, 38 So.2d 867; Wise v. Schneider, supra.

■ Intoxication may be shown by introducing evidence of acts and circumstances which taken together are relevant to show intoxication. Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63; Davis v. Radney, supra.

In the case of Clyde v. Grill, Sup., 172 N.Y.S. 136, 137, an automobile collision case, the court stated:

"The testimony that the plaintiff's breath smelt of liquor at the time of the accident, and testimony as to other acts from which a possible inference might be drawn that the plaintiff was under the influence of liquor, was relevant and competent in this action * * *."

■ Testimony that an automobile driver's breath smelled of liquor is generally held to be competent evidence tending to prove intoxication. Davis v. Radney, supra; Barrett v. Harman, 115 Cal.App. 283, 1 P.2d 458; 61 C.J.S. Motor Vehicles § 516, p. 251, and cases cited thereunder. This is especially true where such testimony is coupled with other acts or circumstances tending to prove intoxication. Cheatham v. Chartrau, 237 Mo.App. 793, 176 S.W.2d 865, 868.

In the case of Cheatham v. Chartrau, supra, where there had been testimony introduced to the effect that the defendant had the odor of liquor on his breath at the time of the collision, the court stated:

"This is a circumstance tending to prove that defendant had been drinking and when coupled with the fact that the truck, as it approached the point of collision, was zig-zagging and wobbling, and the further fact that defendant had his head drooped down over the steering wheel, it becomes competent and material evidence * * *."

■ In the instant case, not only was there testimony that the driver of the automobile smelled of alcohol, but there was also testimony tending to establish the fact that defendant's car was being driven on the wrong side of the road. These facts coupled together could lead to the con-

clusion that the appellant was intoxicated at the time of the collision.

It follows, therefore, that no reversible error appears in the record, and the judgment below must be affirmed.

Affirmed.

SIMPSON, GOODWYN and COLE-MAN, JJ., concur.