Appellee Sam Harris, Jr. entered into an oral contract with Rainbow Construction Company (Rainbow) whereby Rainbow was to lay drainage pipe from Harris' field to a nearby culvert. Harris is a farmer in Madison County, Alabama.
As a result of drainage problems with one of his fields, Harris decided to correct the problem by installing drainage pipe across the field to Mt. Lebanon Road, which bounded his property, and then along the road some 650 to 700 feet to a culvert. The work was to be performed in accordance with specifications prepared by the Soil Conservation Service. According to the contract, Rainbow was to perform all the work which consisted of digging out a ditch along Mt. Lebanon Road, laying the pipe, and placing dirt which had been removed back into the ditch.
The work began on Saturday, March 6, 1976, and was completed the afternoon of the next day. During the course of the work, dirt from excavation was piled about two feet high along the edge of Mt. Lebanon Road for a distance of about a hundred feet. At the conclusion of each day's work, Rainbow scraped the road with a metal blade to remove dirt on the road, and in addition, Harris and a Rainbow employee went over the area with square point shovels "scooping up anything they could get a hold of with a shovel." Harris testified that only a film of dirt was left on the edge of the blacktop. Some of Harris' employees were present during the work performed by Rainbow, but did not participate therein.
Rainbow posted a warning sign at the end of the second day's work. The sign was repeatedly knocked down and Harris would pick it up every time he traveled past the area.
On March 12, 1976, five days after the completion of the work, appellant, John W. Robinson, Jr., was injured when the automobile he was driving left Mt. Lebanon Road at the area where the work was performed. The accident occurred at 10 PM while Robinson was going to visit his girl friend who lived in the vicinity of the Harris farm. It had been raining and was misting at the time of the accident.
Robinson brought suit against Harris, Rainbow, and Madison County for negligence in allowing dirt to remain on the road which became muddy and slick and caused his automobile to skid off the road. Madison County filed a general denial and raised the defenses of contributory negligence and sovereign immunity. Harris did not file an answer, but at the pretrial conference, an order was entered, providing in part that, "Defendant, Sam Harris, Jr., alleges the general denial and that the plaintiff was guilty of negligence which proximately contributed to his injuries, and further denies any duty to keep the highway in proper repair." Service of process was not perfected as to Rainbow. The case proceeded to trial, and the jury returned a verdict in favor of defendants.
Robinson asserts three grounds for reversal. First, that the trial court erred in charging the jury so as to limit Harris' liability to that under respondeat superior and to preclude recovery on the basis of Harris' independent negligence. Next, that the trial court erred in allowing defense counsel to argue in closing that plaintiff failed to produce all of the witnesses that were available to him. And lastly, that the trial court improperly instructed the jury as to the effect of voluntary intoxication upon contributory negligence since Robinson's intoxication was not brought into issue.
Relying on the following cases, among others, Prince v.Bryant, 274 Ala. 134, 145 So.2d 837 (1962); Lambert v.Birmingham Electric Co., 244 Ala. 333, 13 So.2d 579 (1943);Montgomery Light Traction Co. v. Harris, 197 Ala. 358,72 So. 619 (1916), Robinson contends that instructions which exclude or ignore issues, defenses, *Page 964 
or theories of recovery encompassed by the pleadings and sustained by even a scintilla of evidence are improper and are cause for reversal. Robinson argues that the charge given to the jury limited recovery from Harris to a theory of respondeat superior; yet, under the pleadings and evidence, Harris could also be held liable for breach of an independent duty not to create a dangerous condition on Mt. Lebanon Road, for negligently contributing to the creation of a dangerous condition, or for negligently attempting to remedy a dangerous condition.
The trial court gave the following charge as to the liability of defendant Harris:
 The Defendant, Sam Harris, Jr., has raised the defense that Rainbow Construction Company was an independent contractor. I will give you what the law says in regard to this for your consideration. The Plaintiff sues to recover damages from the Defendant, Sam Harris, Jr., for injuries or damages that he charges were proximately caused by Sam Harris, Jr., in allowing dirt to be left upon the road, Mt. Lebanon Road, at or near his property. The Defendant contends that the Plaintiff should not recover against him because the Defendant says Rainbow Construction Company was not his servant, agent or employee at the time and place complained of, but was an independent contractor. It, therefore, becomes your duty to determine from the evidence whether at the time the Plaintiff received the injuries complained of that Rainbow Construction Company was acting as a servant, agent or employee of the Defendant, Sam Harris, Jr., or whether Rainbow Construction Company was an independent contractor. The law says an independent contractor is one who has contracted to do or perform work for another and reserves the exclusive right of control over the means and agencies and all of the details by which the work is to be done. It is the reserve[d] right of control rather than the actual exercise of control that furnishes the test of whether one is an independent contractor. The law says an agent or servant or employee is one who by agreement with another, called the principal, acts for the principal and is subject to his control. So the burden is upon the Plaintiff to reasonably satisfy you by the evidence that Rainbow Construction Company was the servant or agent or employee of the Defendant, Sam Harris, Jr., and was acting within the line and scope of his agency employment at the time of the alleged wrong before the Plaintiff would be entitled to recover. If you are reasonably satisfied from the evidence that Rainbow Construction Company was an independent contractor in doing or performing the work on the job in question, the Defendant, Sam Harris, Jr., would not be liable to the Plaintiff. If you are reasonably satisfied from the evidence that Rainbow Construction Company was not an independent contractor in the doing or performing of the work in question, but that Rainbow Construction Company was an agent, servant or employee of the Defendant, Sam Harris, Jr., and was acting within the line and scope of his employment in the doing or performing of the work in question, the Defendant, Sam Harris, Jr., would be liable to the Plaintiff for any injuries or damages suffered by the Plaintiff as a proximate cause in the putting of the dirt on the road by Rainbow Construction Company.
After the jury had deliberated for some time, they returned with a question for the court. The trial court responded:
 Ladies and Gentlemen, I have a question that you have sent to the Court to answer for you, and I will read it. "If we find Rainbow Construction to be an independent contractor does this absolve Mr. Harris of negligence? If the answer is no, please explain." I am going to read back to you the charge that I gave you in regard to the law in respect to an independent contractor and the rule of liability as to an independent contractor. Through the total charge that I will give you I think will certainly answer your question. . . . *Page 965 
The trial court continued with a charge virtually identical to the charge set out above.
We conclude that the effect of the oral charge and the supplemental charge was to limit plaintiff's recovery to a theory of respondeat superior. The confusion of the jury as to the potential bases of liability of Harris was manifested by their question to the trial court, "If we find Rainbow Construction to be an independent contractor does this absolve Mr. Harris of negligence? If the answer is no, please explain." In response the trial court repeated his previous charge on this issue which included the following statement:
 The Plaintiff sues to recover damages from the Defendant, Sam Harris, for injuries and damages that he charges were proximately caused by the putting of dirt on the road in question. The Defendant, Sam Harris, contends that the Plaintiff should not recover against him because Rainbow Construction Company was not his servant, agent or employee at the time and place complained of, but was an independent contractor. Therefore, it becomes your duty to determine from the evidence whether at the time the Plaintiff received the injury complained of Rainbow Construction Company was acting as an agent, servant or employee of the Defendant, Sam Harris, or whether Rainbow Construction Company was an independent contractor. . . .
. . . . .
 . . . If you are reasonably satisfied from the evidence that Rainbow Construction was an independent contractor in the doing or performing of the work on the job in question, the Defendant, Sam Harris, would not be liable to the Plaintiff. If you are reasonably satisfied from the evidence that Rainbow Construction Company was not an independent contractor in the doing or performing of the work in question, but that Rainbow Construction Company was an agent, servant or employee of the Defendant, Sam Harris, and was acting within the line and scope of his employment in the doing or performing of the work in question, the Defendant, Sam Harris, would be liable to the Plaintiff for any injuries suffered by the Plaintiff as a proximate cause of the wrongdoing of Rainbow Construction Company.
Thus, the trial court did not instruct the jury as to any theory of recovery other than respondeat superior.
Although a landowner, in performing excavations upon his property, owes a duty not to obstruct a public road abutting his property so as to threaten the safety of travelers, seeLane v. Groetz, 108 N.H. 173, 230 A.2d 741 (1967), he is not responsible where, as here, he employs an independent contractor to perform the excavation and relegates all consideration of the manner in which the work is to be performed to the control and discretion of the contractor, seeDrennen Co. v. Jordan, 181 Ala. 570, 61 So. 938 (1913). Therefore, there was no breach of an independent duty which Harris owed Robinson. However, there was evidence that Harris did voluntarily participate in removing soil from Mt. Lebanon Road and did re-position the warning sign on several occasions. Although he had no duty to do so, once Harris voluntarily undertook such measures, he assumed a duty to exercise reasonable care and is liable for negligence in connection therewith. Therefore, a jury issue was presented as to whether Harris negligently attempted to remove the soil and re-position the sign, and it was error for the trial court to restrict recovery to a theory of respondeat superior.
Harris contends that Robinson did not adequately preserve error in the instructions since he failed to object to the charge with the required degree of specificity and did not file explanatory charges. In response to the trial court's charge, Robinson made the following objection:
 Most of all though, and most strongly — and I do want to urge this ground on Your Honor. Your Honor charged that the burden is on the Plaintiff to prove Rainbow Construction Company was not an independent contractor. I do not think that under the facts of this case *Page 966 
this was the burden of the Plaintiff, but that if the Defendant chose to raise it as a defense the burden of proving that Rainbow Construction Company was an independent contractor was on the Defense. The evidence in this case shows that Mr. Harris initiated and instigated this project, and they have brought forward here the contention that Rainbow Construction Company was an independent contractor, and I don't think the burden is on the Plaintiff to disprove that particularly, in a situation wherein Mr. Harris argues that the agreement between him and Rainbow Construction Company was an oral contract, but going even further Your Honor then charged the jury that unless the Plaintiff proved to the reasonable satisfaction of the jury that Rainbow Construction Company was not an independent contractor that the Plaintiff would not be entitled to recover against Mr. Harris. Now, not only do I think that violates the rule I just set out, it also ignores all the evidence in the case about what Mr. Harris did with regard to this situation, after he himself testified that Rainbow Construction Company had left the job site and did not return. For example, Mr. Harris testified that he took steps to have the roadway cleaned up himself. In fact, he said he got out there with a shovel and started trying to clean up the roadway himself. He further testified that he kept the sign out there. He further testified that the sign kept getting knocked down and that he would put it back up. So there was negligence on the part of Mr. Harris which took place after Rainbow Construction Company had left the area and were gone. So to say that unless — to make the Plaintiff's right to recover against Mr. Harris turn solely on proving to the reasonable satisfaction of the jury that Rainbow Construction Company was not an independent contractor is in my estimation very wrong and unfair to the Plaintiff, because we haven't pinned our case at any point since the complaint was filed solely on what was done that day when Rainbow Construction Company was there. [Emphasis added.]
Before adoption of the ARCP, under prevailing Alabama practice, a trial judge could not be reversed for his failure
to instruct the jury upon a contention (which some of the evidence might support) unless an explanatory charge remedying such omission was requested. Gilmore Industries, Inc. v. RidgeInstrument Co., 288 Ala. 127, 258 So.2d 55 (1972); Johnson v.Coker, 281 Ala. 14, 198 So.2d 299 (1967).
By its express terms, Rule 51 permits an objection to an "erroneous, misleading, incomplete, or otherwise improper oral charge." (Emphasis supplied.) This effects a change in the former practice by permitting "broader grounds for objection to the oral charge" and "expands upon the Federal Rule," in the words of the Committee Comments. Moreover, it is pointed out in the Comments that if "the court upon hearing an objection to the charge declines to supplement or modify its charge, the matter is preserved for appellate purposes."
The rule itself states that no additional explanatory instructions are required "unless requested by the court." Rule 51 ARCP.
Thus, as the objection here was sufficient to call the court's attention to this omission to charge on plaintiff's other theories for recovery, reversible error may be predicated thereon.
Robinson also asserts impropriety in Madison County's closing argument. However, the record does not contain a transcript of the argument. Robinson made the following objection, "We object to that. The witnesses are equally available to all parties. That argument is improper." However, the objection did not point out the specific language deemed objectionable, and therefore, there is nothing for this court to review. SeeBirmingham Southern R.R. v. McDonald, 339 So.2d 1004 (Ala. 1976); Flowers v. State, 269 Ala. 395, 113 So.2d 344 (1959).
Robinson additionally contends that the trial court erred in instructing the jury with regard to the duty of one voluntarily *Page 967 
intoxicated as a part of its charge on contributory negligence. The trial court correctly charged the jury as to the law in this respect. Intoxication is relevant to the issue of negligence, see Kingry v. McCardle, 266 Ala. 533, 98 So.2d 44
(1957); therefore, the jury could properly consider evidence of alcoholic consumption in ultimately deciding the issue of contributory negligence. The charge, then, was properly given.
Since the trial court, in instructing the jury, improperly limited the theories under which plaintiff could recover from defendant Harris, the case must be reversed for a new trial to resolve the question of Harris' liability. However, as to defendant Madison County, we find from the record that the trial court properly instructed the jury as to the liability of Madison County, and therefore, the verdict in favor of defendant Madison County must be upheld.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Justices concur.